W. R. ARMSTRONG v. THE STATE.

No. 12717.   Delivered June 12, 1929.

The opinion states the case.

*Francis M. Chaney* and *Oren Parmeter* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for robbery; punishment, twenty-five years in the penitentiary.

We find no statement of facts in the record. Appellant complains of the refusal of the court to order the names of all jurors for the week to be put in a box and be drawn therefrom as was required under Art. 5158½-f, R. S. 1920. Said article was not brought forward in the Revised Statutes of 1925, but the substance of same is

brought forward and the cases of Bell v. State, 92 Texas Crim. Rep. 342, and Huffhines v. State, 251 S. W. Rep. 229,—decided with reference to said statute,—are in point so far as the principles there announced have application.

. From bill of exceptions No. 1 we learn that appellant moved the court to have the clerk place the cards of all jurors available in some receptacle and have drawn therefrom a sufficient number of cards containing the names of jurors from which to select a jury herein. This was refused by the trial court who, however, Dallas County operating under the interchangeable jury law instructed the bailiff of his court to direct the bailiff having charge of the general jury for the week to send to the court room of the trial judge, men for a jury in this case, and that some forty or fifty men were so sent. The names of these men, under instruction of the court, were written upon cards and placed in a hat from which, after being well shaken, they were drawn out and as drawn were placed on jury lists which were delivered to the respective attorneys for the State and defense in this case. This we think in substantial compliance with Arts. 626–8, C. C. P. We are of opinion that it would not affect the legality of the action of the trial court in this case, but observe that there is no showing of the fact that all available jurors were not sent to the court room of the trial judge in response to his request.

Bills of exception Nos. 2, 3, 5, 7 and 8 are each so qualified by the court below as to show no error, and there seems nothing in any of them to call for any discussion on our part.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*