## C. A. Wright v. The State.

No. 13959.   Delivered February 11, 1931.
Rehearing Denied March 25, 1931.

The opinion states the case.

*Robertson & Friberg,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction of burglary of a private residence; punishment, five years in the penitentiary.

There are only two bills of exception. The first urges that the trial court should have required that a jury to try this case be drawn from the general panel of jurors for the week. Bell v. State, 92 Texas Crim. Rep., 342, 243 S. W., 1095, with other cases, is cited. From the bill of exception as qualified we make the following statement of the situation:

Wichita county has three district courts, and operates under the interchangeable jury law. Judge Martin, before whom this case was tried, has been for many years charged with the duty of impaneling the jury for the week,—passing on the whole body of jurors summoned for jury service that week in any or all of said courts. After hearing excuses and requests for discharge, etc., for cause, such jury panel is ready for service either in Judge Martin's court or that of one of the other judges. It was customary for. judges of the other courts, who had before them jury cases for trial, to send their baliffs to Judge Martin's court requesting that jurors be sent to their court rooms for service. In the present instance about the time of the swearing in of the whole jury panel, and evidently before the call of the instant case for announcement of ready for trial, appellant's counsel laid on the desk before Judge Martin some papers, stating at the time that·same were motions in his case. Judge Martin then said: "I am busy now, I will hear your motions later". Apparently about the time the jurors were tested and sworn, and before call for announcement of ready in appellant's case, a bailiff appeared from Judge Cook's court with the request that a panel of jurors be sent to said court. In response, the clerk of Judge Martin's court was instructed to call the names of the first 25 jurors on the list, which was done, and said jurors were instructed to at once proceed to and report for service in Judge Cook's court room. Judge Martin then called appellant's case for announcement. He announced ready for trial, but insisted on having a jury drawn from the whole of the general panel.

The number of jurors left in Judge Martin's court room after sending the other 25 out, was 27. While questioning said jurors appellant called the court's attention to his motions, and was then informed by

the court than he would have the names of the 27 jurors put into a hat and drawn, but the court would not recall the other jurors from Judge Cook's court. Appellant waived the drawing of the 27 names, but took his bill of exception to the court's refusal to draw the jury from the whole of the general panel summoned for the week's service. We do not think the cases cited by appellant support his contention. The article of our statute quoted and relied on in the Bell case, supra, contains the following language,—speaking of those jurors whose names the accused is entitled to have drawn: "Shall cause the names of all the members of the general panel available for service as jurors in such case," to be placed in a hat or other receptacle, etc. Clearly those members of the general panel who had already been detailed for service, and sent to other courts equally entitled,—would not, and in the very nature of the case could not, be "available for service in this case." The giving effect here of what we said in the Bell case, supra, would but give to appellant what he was tendered by Judge Martin, viz: the right to have drawn those jurors available for service in his case. The reason for the rule of the statute in question is to prevent any unfavorable order in the listing of the jurors and to give to the accused an equal chance to have jurors deemed favorable to him, at the head of the list. We think the appellant's contention in this regard without merit.

The other bill of exception complained of the testimony of the sheriff of the county, who said that some six weeks after the commission of the alleged crime, and after appellant was arrested, he took appellant's shoe to the house alleged to have been burglarized and fitted the shoe in a track just outside the window of said house, which was shown by testimony to have been the place of the burglarious entry. This testimony was objected to on the ground that there was no connection showing that the foot print into which the sheriff fitted appellant's shoe was the foot print covered with a board by a city detective the morning after the alleged burglary; also that to allow the sheriff to testify that he placed said shoe in said track and that they fitted, was, in effect, to admit hearsay testimony of the fact that the two foot-prints, that is, the foot-print covered with the board, and the foot-print into which the shoe was fitted,—were one and the same. It was also objected further that the investigation conducted by the sheriff was too remote in point of time to be material, and that the admission of such testimony was without proper predicate. Examining the record we find that the testimony showed that a window was raised in said house and the burglarious entry thus effected; that by reason of recent rains the ground near said window was soft, and that the track of only one person was observed in the soft ground by this window. A detective who made an examination the day after the burglary testified that he placed a board over some of said tracks. The sheriff testified that after appellant's arrest some six weeks

after the alleged burglary, he took appellant's shoe, carried it to the house burglarized, found at the window in question a board over some tracks, removed the board, and that appellant's shoe fitted the tracks.

We are of opinion that the objections made to this testimony go more to its weight than to its admissibility. If appellant's shoe fitted a track under the window through which the burglar entered the house in question, testimony as to such fact would be both admissible and material. The weight of such testimony might be affected by the length of time elapsing between the burglary and the fitting of the shoe in the track. The defense was an alibi, though appellant himself did not take the witness stand, nor give testimony. His witnesses claimed that he was in Oklahoma City, some 175 miles from Wichita county at the time of the burglary. We find in the record the testimony of two high school boys who lived near the scene of said burglary. Both of these boys testified that on said night they saw this appellant sitting in a Ford coupe near said house. They were passing by and had a flash light which they flashed into said coupe. Seeing a man in same, they went up to the car and talked to him for a while. They had the flash light on his face, and both testified to some of his features. They also said he told them to put that light out and get away from there, that they would get into trouble. The testimony further shows that on the 8th of April appellant pawned in Fort Worth, Texas, some of the property taken from the alleged burglarized residence, the pawn ticket given him showing that he gave his residence as 109½, 15th & Frago Sts., in Fort Worth.

Reverting to the question of the admissibility of the sheriff's testimony, it would appear sound to say that the effect of testimony that appellant's shoe fitted a track in front of a window in the burglarized house, which was raised by some one from the outside on the night in question, would unquestionably have evidential weight as supporting the proposition that appellant made the track, and that he was in Wichita Falls at the time the track was made. The fact, in evidence, that tracks in the soft dirt by said window were covered with a board the morning after said burglary, and that when the sheriff subsequently went to said place with appellant's shoe, he removed a board from certain tracks into which he fitted appellant's shoe, would lend further weight to the proposition of the admissibility of the testimony.

Being of opinion that no error is shown, and that the testimony supports the judgment, the same will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—A consideration of appellant's motion and the authorities referred to therein has not changed our conclusion that the proper disposition was made of the case in our original opinion.

The motion for rehearing is overruled.

*Overruled.*