## JOE HOEBRECHT V. THE STATE.

No. 16410.   Delivered March 7, 1934.
Rehearing Denied June 29, 1934.

The opinion states the case.

*Conger, Low & Spears,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for ten years.

Julian Rankin, who was proprietor of a tourist camp near the city of Austin, testified, in substance, as follows: On January 13, 1933, between 12 and 1 o'clock in the morning appellant and some other men came to his place of business and requested that he rent them a cabin for the night. After inspecting one of the cabins the parties advised him that they

would take it. He was preparing for them to register when appellant and Armin Cichanosky exhibited pistols and took from his possession three hundred and twenty-five dollars in money, some diamond rings and other personal property. The parties then tied his feet and hands and drove away. He succeeded in notifying the officers, who immediately went in pursuit of his assailants. The officers testified to having pursued appellant and his companions and capturing them. They found in the possession of appellant some of the property that had been taken from Rankin.

Appellant did not testify in his own behalf. He introduced one witness who gave testimony tending to show that he (appellant) did not commit the offense.

The indictment did not charge that a pistol was exhibited. Bill of exception No. 1 presents the following occurrence: There were forty-eight prospective jurors upon the panel for the week. The name of each prospective juror was on a card. The court instructed the clerk to draw a list of thirty-six jurors and to send twelve jurors to the One Hundred Twenty-Sixth District Court for service there. Appellant objected to this procedure on the ground that he was entitled to have the names of the forty-eight jurors drawn. Under the instruction of the court, the clerk took all of the cards containing the names of the forty-eight jurors and shuffled them. From these he counted out thirty-six cards. These thirty-six cards, carrying the names of that number of jurors, were then placed in a receptacle and drawn in accordance with the provisions of the statute. The twelve jurors who were not drawn were sent to the One Hundred Twenty-Sixth District Court. Prior to the time the jurors were sent to the court last mentioned appellant had announced ready for trial. The bill of exception is qualified with the statement that the One Hundred Twenty-Sixth District Court required a jury; that inasmuch as Travis County operated under the interchangeable jury law, one jury was drawn for the use of all the courts in the county for each week. It is inferable from the qualification that the jury drawn for all the courts for the week was in the Fifty Third District Court, where appellant was upon trial.

Appellant contends that under the holding of this court in Adams v. State, 99 S. W., 1015, and Bell v. State, 243 S. W., 1095, he is entitled to a reversal of the judgment because of the failure of the trial court to have drawn the names of the forty-eight jurors who were in his court at the time of the announcement of ready. In the Adams Case the jury were

drawn in the absence of the accused and prior to his announcement of ready for trial. After announcing ready for trial, he requested that the jury be again drawn in his presence. This request was refused. It was held that the accused had a right to be present when his jury was drawn in order to see that the list was drawn by the proper person and in accordance with law. In Bell v. State, supra, in a county operating under the interchangeable jury law, the court declined to have the jury drawn in compliance with articles 626-628, C. C. P. Thus it is seen that in the cases relied upon by appellant there was a plain violation of the mandatory provisions of the statute. From the case of Armstrong v. State, 18 S. W. (2d) 622, the following is taken: "From bill of exceptions No. 1 we learn that appellant moved the court to have the clerk place the cards of all jurors available in some receptacle and have drawn therefrom a sufficient number of cards containing the names of jurors from which to select a jury herein. This was refused by the trial court, who, however, Dallas County operating under the interchangeable jury law, instructed the bailiff of his court to direct the bailiff having charge of the general jury for the week to send to the courtroom of the trial judge men for a jury in this case, and that some 40 or 50 men were so sent. The names of these men, under instruction of the court, were written upon cards and placed in a hat from which, after being well shaken, they were drawn out and as drawn were placed on jury lists, which were delivered to the respective attorneys for the State and defense in this case. This we think in substantial compliance with articles 626-628, Code Cr. Proc., 1925. We are of opinion that it would not affect the legality of the action of the trial court in this case, but observe that there is no showing of the fact that all available jurors were not sent to the courtroom of the trial judge in response to his request."

We think Armstrong's Case is authority for our holding in the present case that there was substantial compliance with the statute requiring the jury be drawn. See also Wright v. State, 36 S. W. (2d) 511.

A careful examination of all of appellant's contentions leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING

MORROW, PRESIDING JUDGE.—Article 626, C. C. P., 1925, contains the following language: "In counties having three or more district courts, the trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, in a case not capital, shall cause the names of all the members of the general panel available for service as jurors in such case to be placed in a receptacle and well shaken, and said judge shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case.  Within the meaning of this article, a criminal court with jurisdiction in felony cases shall be considered a district court."

Article 627, C. C. P., reads as follows: "When the parties have announced ready for trial in a case not capital, the clerk shall write the name of each regular juror entered of record for that week on separate slips of paper, as near the same size and appearance as may be, and shall place the slips in a box and mix them well."

Article 628, reads thus: "The clerk shall draw from the box, in the presence of the court, the names of twenty-four jurors, if in the district court, or so many as there may be, if there be a less number in the box; and the names of twelve jurors, if in the county court, or so many as there may be, if there be a less number in the box, and write the names as drawn upon two slips of paper and deliver one slip to the State's counsel and the other to the defendant or his attorney."

In the present instance, as shown in the original opinion, there were forty-eight men on the list for jury service.  The court directed that thirty-six be drawn for the purpose of obtaining a jury in the trial of the appellant.  He strenuously complains and contends that the whole number of men should have been upon the list and drawn therefrom.  It is thought that in his contention appellant has overlooked the purpose of the articles mentioned, particularly article 626, supra, which deals with what is known as the "interchangeable jury law;" that is, where there are three district courts with like jurisdiction, instead of summoning a list of men for jury service in each court, they are selected for all three of the courts.

The judge presiding in the court in which the men for jury service are summoned and listed is charged with the duty of facilitating the formation of the jury in each of the other courts as well as his own to the extent, at least, of sending to the other courts of like jurisdiction those jurors who were needed in such courts and not used in the court in which the order of transfer was made. It is conceived that the word "available," used in the statute authorizing the shifting of the men summoned for jury service, is not to be given the construction contended for by the appellant but was properly construed and the practice sanctioned by this court in the case of Wright v. State, 117 Texas Crim. Rep., 93.

In the case of Bell v. State, 92 Texas Crim. Rep., 342, it appears that the judge was requested by the appellant Bell "on the call of this case to have the jury regularly drawn in open court as is required by Revised Statutes, 1920, article 5158½f." The court refused to comply with the request and also refused to draw the list of names of the jurors from the hat as requested. In the Bell case, there was not only a refusal to draw the names from the hat, but the action of the court complained of was the refusal to embrace in the list from which the jury to try the accused was drawn all of the persons who had been summoned for jury service. In the particular mentioned, there is an obvious distinction between the procedure followed in Bell's case, supra, and that under consideration in the present appeal, as understood by the writer. In the present instance, there was a demand for jurors in another court. The judge presiding in the court in which appellant's cause was tried exercised the discretion of placing in the hat to be drawn for the appellant's case thirty-six of the men selected for jury service. The complaint here is because of the refusal to embrace the twelve additional men who were sent for to another court in compliance with the "interchangeable jury law." It is thought that the word "available," used in the statute, vested the judge presiding in the appellant's trial with the discretion of proceeding as he did. It is not thought that the "interchangeable jury law," where there are three courts in the county with like jurisdiction, would require that all of the men summoned for jury service be put in the hat from which the panel for the trial of the accused was drawn in a given case, but that the court would have discretion in the matter. In the absence of abuse of discretion to the injury of the accused, which there is à failure to show in the present instance, this court would not

be authorized to reverse the conviction upon the ground sought in the present appeal. The word "available," used in the enactment of the "interchangeable jury law," implies the authority to exercise discretion in the distribution of the jurors so that each court may be supplied. The use of the word "available" has received judicial interpretation in many instances, among them being the case of Mumme et al. v. Marrs, et al., 40 S. W. (2d) 31, decided by the Supreme Court of Texas, dealing with the discretion of school authorities in the distribution of school funds. See also Words & Phrases, 1st Series, vol. 1, p. 650; Words & Phrases, 3rd Series, vol. 1, p. 749; Words & Phrases, 4th Series, vol. 1, p. 268, in which reports are cited many instances in which the word "available" has been given interpretation consistent with that in the present case. A procedure similar to that pursued in the present case was upheld in the case of Armstrong v. State, 113 Texas Crim. Rep., 171.

It is not claimed that the procedure followed in the present case injured the accused or is calculated to do so, but reliance is had by the appellant upon the presumption that there was a deviation from the statutory provision and that while not injurious, same would demand a reversal of the case upon review. We are constrained to regard the procedure followed as authorized by law, and when followed, as interpreted in the present instant, the direction of the statute touching the "interchangeable jury law" in the particular in question is complied with.

The motion for rehearing is overruled.

*Overruled.*