# W. W. MOORE v. THE STATE.

No. 21235.   Delivered November 20, 1940.
Rehearing Denied January 22, 1941.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of property over the value of Fifty Dollars. The punishment assessed is confinement in the state penitentiary for a term of five years.

It appears from the record that about 7:00 p. m. of December 19, 1939, some one took from Mrs. Emmett Cox's automobile while parked on a street in San Angelo a number of packages containing Christmas gifts which had been addressed to various persons and which she intended to carry to the post-office to be mailed. She had only been absent from the automobile a few minutes when she discovered that her property had been stolen. She immediately notified the police who arrested appellant a short distance from where the theft was committed. At the time of his arrest, he had in his possession some of the stolen property and the balance was found in the weeds some thirty steps away. Mrs. Cox had a list of the articles and knew the actual cost price of each article, the total of which amounted to $53.35. Appellant denied taking the property in question out of her automobile.

It appears from the record that the court declined to approve appellant's Bill of Exception No. 1 complaining of certain remarks by the District Attorney in his argument to the jury

because the same was incorrect and in lieu thereof the court prepared and filed a proper bill which shows that appellant did not make any objection to the argument at the time it was made; that he, for the first time complained thereof in his motion for a new trial. "It is a settled general rule that objection to improper argument to the jury should be made at the time— not for the first time upon a motion for a new trial." Texas Jur., Vol. 31, p. 212, Sec. 20, and cases cited in note 4. Under the circumstances disclosed by the bill, it fails to reflect reversible error.

By Bill of Exception No. 2 appellant complains of the action of the trial court in overruling his application for a postponement of the case for a day or two until he could ascertain from the clerk of the District Court of Childress County whether or not he had been awarded a suspended sentence in said court upon a similar charge. We see no error reflected by the bill. Appellant and his attorney had ample time by the use of proper diligence to have ascertained the true facts, if in fact he did not know what the result of his trial was in Childress County. However, the District Attorney had a letter in his possession from the clerk of said court stating that appellant had not received a suspended sentence or any other kind of a sentence. Notwithstanding this information he declined to make a sworn application for a suspended sentence until further time was given him in which to make the necessary and proper investigation. In our opinion, this bill fails to show error because appellant failed to exercise proper diligence. He was indicted on February 13, 1940, and his trial was not had until February 26th, some two weeks after the indictment was returned.

Bill of Exception No. 3 shows that after the trial of the case had proceeded until 6:30 p. m., appellant moved the court to postpone the trial until the next day in order that his brothers, who had agreed to be present at the trial, might appear and testify to his insanity due to the excessive use of alcohol. The bill shows that appellant at no time made an application for process to have his brothers summoned and in attendance upon the court. Here, again, appellant failed to exercise any diligence. See Art. 543, Vernon's Ann. C. C. P., Vol. 1, p. 422, subd. 2, notes; Holmes v. State, 38 Texas Cr. R. 370; Boyd v. State, 57 Texas Cr. R. 647; Branch's Ann. Texas P. C., p. 186, Sec. 314.

By Bill of Exception No. 4 appellant complains of the action of the trial court in declining to give him sufficient time in which to study the court's main charge and file proper written

exceptions thereto. He did address five exceptions to the charge but no request for further time in which to file additional objections seems to have been made. It is true that under the law the trial court should give the defendant a reasonable amount of time in which to read the charge and present his objections thereto in writing. However, in the case under consideration, appellant fails to point out any other objections which he might have had thereto. We have carefully reviewed the court's charge and reached the conclusion that the same contains a full and fair application of the law to the facts. Hence any amount of time which the court might have granted to the appellant would have been of no avail to him. Consequently, the appellant could not have suffered any material injury as a result of the court's action. If the court in his charge had misapplied the law, ignored any defensive theory or incorrectly stated the law to which appellant might have addressed an objection, then a different question would have been presented.

Appellant objected to the court's charge in failing to submit to the jury the issue of misdemeanor theft. If the evidence had raised that issue, then most certainly he would have been entitled to an instruction thereon by the court, but such issue was not raised by the testimony. The stolen articles were all new, had not been used, and had been recently purchased at the prevailing price in the town where the theft was committed.

Having discovered no error, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

We have read with interest appellant's motion for a rehearing herein, and are of the opinion that all matters presented herein were properly passed upon in our original opinion.

Appellant does contend, however, that it was not proven that he was in possession of the recently stolen property at any time. We note from the record that he was apprehended by the officers under a bridge, and that he had the radio in his possession at such time; that the officers asked him where the gown was, and, after looking in his pockets, he finally pulled a lady's

silk gown from inside his trousers. These were a portion of the articles that were all taken at the same time from Mrs. Cox. The officers had already found all the other articles scattered out in the weeds and brush, some packages bursted open, about thirty yards from where they found appellant under the bridge. These articles were lying near the river in ten or eleven packages.

We think that appellant's possession of two of the stolen articles while under a bridge, and his close juxtaposition to the other articles, evidently hastily discarded by the person taking the same, would be sufficient proof to authorize the jury to conclude that he who had stolen a portion of these goods, as shown by his possession thereof, also took the remaining goods that were found in such close proximity to appellant at the time of his apprehension. See Perry v. State, 78 S. W. 513; Lamater v. State, 42 S. W. 304.

We think this case was properly decided in our original opinion, and the motion is overruled.