### B. F. RUTHERFORD V. THE STATE.
No. 21639.  Delivered June 4, 1941.
Rehearing Denied October 15, 1941.

The opinion states the case.

*Anderson & Marbut,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was assessed a fine of $5.00 on a charge of simple assault, from which he brings this appeal.

The complaint and information in the case charged appellant with having made an aggravated assault on Jack Cooper, but the court submitted only simple assault. It is alleged that appellant was an adult male person and that Jack Cooper was a child. The evidence shows that appellant had gone with his family to Lubbock to attend a show; that he, with a part of his family, took seats in the rear and his boy went to a seat near the front; that soon his boy came back to appellant crying and stated that a Mexican boy had hit him. The father went down to the front to make inquiry, at which time Jack Cooper was pointed out as the one who struck his boy. Upon being asked about it the Cooper boy admitted that he was the one. There was evidence to the effect that appellant then hit the boy with his fist. This, of course, was denied by appellant, who said he slapped him with his open hand. Jack Cooper was sixteen years old. The appellant, after proving a good reputation in his community, testified that he went to the front and inquired who it was that struck his boy and that when Jack Cooper was pointed out he asked him if he struck his, appellant's, boy and

he said that Jack Cooper replied he was and "began to get up out of his seat. I slapped him with my open hands and he sat back down, we had no further difficulty." He said he only went down there to find out what the trouble was, but he thought that when Jack Cooper was getting up that he was going to hit him, appellant, "So I hit him before he got in position to hit me very hard." He says further, "I would not have hit Jack Cooper had I not thought he was going to hit me."

As we interpret the extended language of the bills of exception, they present nothing in the face of the record which calls for a discussion in a review by this court. Most of the bills have been refused by the court because he states they are not correct, and counsel has not preserved in the proper way the objection which he attempts to bring to this court.

Finding no error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant complains because we declined to consider his bills of exception on the ground that they were not approved by the trial court for the reason that he found them to be incorrect. It is true that we inadvertently made this statement in our original opinion. However, they were in fact qualified by the court and were approved as qualified. Appellant excepted to the qualification and he now contends that since the court failed to file bills of exception prepared by himself, he is entitled to a reversal of the judgment. We have again carefully examined these bills, the substance of the appellant's complaint therein being that the court did not grant him sufficient time within which to make written objections to the court's charge and to prepare a requested written charge before the court submitted his main charge to the jury and directed counsel to proceed with the argument. It appears from the record that the court granted appellant approximately an hour and a half within which to make his objections to the charge and to prepare his requested special instruction, but he failed to complete the same within the time allotted by the court. We are not unmindful of the fact that Article 658, C. C. P., provides, among other things, as follows:

"Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and

he shall present his objections thereto in writing, distinctly specifying each ground of objection."

It will be noted that the statute provides that the defendant shall have a reasonable time within which to examine the charge, and what is reasonable time ordinarily rests within the sound discretion of the trial court. Unless it is made to appear from the record that the court abused his discretion in this respect we would not be justified in reversing the judgment of conviction. It occurs to us that the hour and a half allotted by the court to appellant's attorney within which to present his objections to the court's charge and to prepare the special requested instruction is not any undue limitation upon the appellant's right in this case. The testimony in this case is very short. There was really but one issue involved and that was the issue of self-defense, upon which the court instructed the jury. We believe that what we have said here is fully supported by the case of Cisneros v. State, 102 Tex. Cr. R. 95.

The matters complained of by Bills of Exception Nos. 7 and 8 appear to us to be without merit and we see no need for entering upon an extended discussion of the same.

Bill No. 9 is not approved by the trial court and for that reason cannot be considered by us.

From what we have said it follows that the appellant's motion for rehearing should be overruled and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.