LOUIS TOM CURRY V. STATE.

No. 25,733. March 19,1952.
Rehearing Denied April 30, 1952.

Hon. Robert A. Hall, Judge Presiding.

*Ben Henderson, Irwin & Irwin* by *Robert C. Benavides* (on Appeal Only), all of Dallas, for appellant.

*Henry Wade*, District Attorney, *Charles S. Potts* and *Pete White*, Assistants District Attorney, Dallas, and *George P. Blackburn*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for unlawfully keeping and exhibiting, for the purpose of gaming, a gaming table and bank, with punishment assessed at two years' confinement in the penitentiary.

Juries to try civil and non-capital criminal cases in the county and district courts of Dallas County—the county where this case was tried—are obtained from and furnished by the central jury panel, as provided by the Interchangeable Jury Law (Art. 2101, R. C. S.) wherein provision is made for the drawing and empaneling of the central jury panel each week from the jury wheel.

Art. 626, C. C. P., provides for the selection of a jury to try an ordinary felony case, and reads as follows:

"In counties having three or more district courts, the trial judge, upon the demand of the defendant or his attorney, or of the State's counsel, in a case not capital, shall cause the names of all the members of the general panel available for service as jurors in such case to be placed in a receptacle and well shaken, and said judge shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such case, and such names shall be written, in the order drawn, on the jury list from which the jury is to be selected to try such case. Within the meaning of this article, a criminal court with jurisdiction in felony cases shall be considered a district court."

Rule 223, Rules of Civil Procedure, provides for the selection of a jury to try a civil case in said courts, and reads as follows:

"In counties governed as to juries by the laws providing for interchangeable juries, the names of the jurors shall be placed upon the general panel in the order in which they are drawn from the wheel, and jurors shall be assigned for service from the top thereof, in the order in which they shall be needed, and jurors returned to the general panel after service in any of such courts shall be enrolled at the bottom of the list in the order of their respective return; provided, however, that the

trial judge upon the demand of any party to any case reached for trial by jury, or of the attorney for any such party, shall cause the names of all the members of the general panel available for service as jurors in such case to be placed in a receptacle and well shaken, and said trial judge shall draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try such cause, and such names shall be transcribed in the order drawn on the jury list from which the jury is to be selected to try such case."

Rule 223, above, is the same as Art. 2138, R. C. S., as it existed prior to repeal by the act conferring rule-making power in civil cases upon the Supreme Court of this State.

The Interchangeable Jury Law (Art. 2101, R. C. S.), Art. 2138, R. C. S. (now Rule 223), and Art. 626, C. C. P., were written by the codifying commission codifying the civil and criminal statutes in 1925, for the language thereof does not appear in any prior act of the legislature.

These statutes and rules, having reference to the organization of juries to try civil and criminal cases from a common source, must of necessity be construed together in order to determine their meaning.

We judicially know that in Dallas County there are seven district courts having both civil and criminal jurisdiction, and two criminal district courts (Chap. 383, Acts Regular Session 52nd Legislature in 1951), together with county courts-at-law having civil and criminal jurisdiction.

This case, along with other ordinary felony cases, was set for trial on Monday of a certain week. There was no way of determining in advance which of the cases would come to trial that day. In all probability, to conserve time the trial court ordered the clerk of the court to call upon the central jury panel for thirty-two veniremen from which the jury would be selected in the case that went to trial—all this in advance of any announcement of ready for trial in any of the cases.

Appellant's case was called for trial, and after a motion for continuance was overruled, announcements of ready for trial were entered. The jury list of thirty-two veniremen from which the jury was to be selected was then given to appellant. Thereupon, he presented to the court the following motion:

"Now comes Louis Tom Curry, Defendant in the above styled and numbered cause and files this his motion for this Honorable trial judge to cause the names of all members for the Central panel available for service as jurors in this cause to be placed in a receptacle and well shaken, and to draw therefrom the names of a sufficient number of jurors from which a jury may be selected to try this case, and further herein that the said Honorable trial Judge issue or cause to be issued an order to the effect that the names selected from said receptacle shall be written in the order drawn from said receptacle on the jury list."

The motion was overruled, exception reserved, and the jury which tried this case was selected from said list.

In overruling the motion, the trial court made the following order, viz.:

"This Motion was presented to the Court after the jury panel was in the Court room at one o'clock, P. M. this date (June 11th, 1951) the case having been called at nine A. M. this morning, and no such request was made by the defendant. The other courts in Dallas County, Texas, have already used a majority of the jurors from the central jury room, thus this motion comes too late to be acted on."

The bill of exception presenting this matter was further qualified by the trial court, as follows:

" 'The Court certifies that had the Motion of the Defendant been timely presented, it would have been granted, and the names of the members of the central jury panel would have been shaken and thirty-two names drawn therefrom. However, as will be seen from the Court's ruling on the Motion, it was an impossibility at the time that the said Motion was presented.' "

It is apparent that the trial court construed appellant's motion as a request to have the names of the thirty-two veniremen drawn from the entire list of the central jury panel. There is nothing in the record before us indicating that appellant intended that any other construction be given to his motion. In fact, he briefed and argued the case in this court upon that proposition.

A similar contention has heretofore been presented to this

court and we have held that, in counties operating under the interchangeable jury law, it was not requisite that the names of all the men summoned for jury service be put in a receptacle in order to properly draw a panel for the trial in a given case. Hoebrecht v. State, 126 Tex. Cr. R. 648, 72 S. W. 2d 1100; Wright v. State, 117 Tex. Cr. R. 93, 36 S. W. 2d 511; Armstrong v. State, 113 Tex. Cr. R. 171, 18 S. W. 2d 622.

It is apparent, therefore, that, in those counties operating under the jury wheel, the term, "available for service as jurors," as used in Art. 626, C. C. P., refers to those veniremen sent over from the central jury room for service in a given case. It follows that the trial court was not here required to have the thirty-two veniremen drawn from the entire central jury panel, and his action in refusing such request was not error.

Art. 658, C. C. P., provides—among other things—that, before the trial court reads his charge to the jury, the defendant or his counsel "shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection."

Appellant contends that in this case he was by the trial court denied a reasonable time to prepare and submit his exceptions and objections to the court's charge.

It has been the repeated holding of this court that the length of time accorded by a trial court to an accused within which to prepare and file his exceptions and objections to the court's charge is a matter that rests largely within the discretion of the trial court. His action in the matter will be reviewed only in determining whether an abuse of that discretion has occurred. Lilley v. State, 100 Tex. Cr.R. 371, 273 S. W. 270; Moore v. State, 140 Tex. Cr. R. 653, 146 S. W. 2d 762; Rutherford v. State, 142 Tex. Cr. R. 440, 154 S. W. 2d 478.

The bill of exception presenting this matter shows that the evidence in the case closed about five o'clock, p. m., at which time the court adjourned the trial for that day. The trial court, at that time, delivered to appellant's counsel the charge for the preparation of his objections and exceptions, instructing him to be in court at nine o'clock the following morning.

On that morning, counsel did not appear in court at the appointed time but contacted the clerk of the court by telephone

and asked that he be accorded additional time by the court to complete the drafting of his objections and exceptions to the court's charge. The additional time was refused and counsel was required to proceed with the argument of the case about ten o'clock that morning. Before proceeding with the argument, counsel presented a written motion asking for further time within which to prepare his exceptions and objections to the court's charge. The motion was refused.

In the motion, counsel states that after receipt of the charge he studied it over until two o'clock, a. m., and from six o'clock, a. m., until called into court the next morning. According to counsel's own admission, then, he had the charge in his possession and worked thereon for something like twelve hours.

We are constrained to conclude that limiting counsel to such a period of time was not unreasonable, under the statute. Moreover, we note that the counsel did file and present to the trial court his exceptions and objections to the court's charge, which comprise five pages of typewritten matter in the transcript before us.

We are unable to agree with the appellant that he was not accorded a reasonable time within which to prepare and file his exceptions and objections to the court's charge.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant's counsel, by able brief and argument, has questioned the soundness of that portion of our original opinion in which we said, "It is apparent that the trial court construed appellant's motion as a request to have the names of the 32 veniremen drawn from the entire list of the central jury panel."

In re-examining the soundness of this conclusion, we find the following qualification to Bill of Exception No. 1:

"The Court certifies that when the defendant's Motion to shake the jury was presented that the Court entered the following order relative thereto: 'This Motion was presented to the Court

after the jury panel was in the Court room at one o'clock P. M. this date (June 11th, 1951) the case having been called at nine A. M. this morning, and no such request was made by the defendant. The other courts in Dallas County, Texas, have already used a majority of the jurors from the central jury room, thus this motion comes *to* late to be acted on. (Signed) Robert A. Hall, Judge.'"

It is thus apparent that the court made known to appellant that he considered the motion as one aimed at those jurors in the central jury room and not as one aimed at the 32 men then in the court room. When such an interpretation of the motion was made known to the appellant, and he made no move to notify the court that he meant something other than that which had been ruled upon by the court, then appellant must be held to have waived that something else.

Suppose this had been an oral objection and the court had not heard appellant's counsel correctly. Could we rightly say that counsel was under no duty to make his objection comprehensible to the court when it was obvious that the court did not understand it?

It is apparent to us that counsel and the court both considered the motion as being aimed at the jurors in the central jury room.

We do not feel that, since the case has reached us on appeal, we should give the motion a different interpretation from that placed upon it in the trial.

We did not discuss Bill of Exception No. 10, which complains of jury argument. There, it is shown that the prosecutor said:

"Will you consider, gentlemen, what these men have to say about it? (Speaking of the State's Witnesses.) Or will you consider gentlemen, the testimony of a bunch of convicted witnesses, I tell you perjured testimony."

The complained of portion thereof was the characterization of the testimony of appellant's witnesses as being perjured. We must determine whether this argument was manifestly improper, harmful and prejudicial, or whether a mandatory provision of the statute is violated, *or whether it injected some new and harmful fact into the case*. On the other hand, we

must determine whether it was an expresison of the prosecutor's opinion based upon the evidence.

On cross-examination of the appellant's witnesses, the state had developed that some of them had been convicted of various offenses.

Appellant seeks to draw a parallel between the case at bar and Davis v. State, 54 Tex. Cr. R. 236, 114 S. W. 366. In the Davis case, a Dr. McKinzey had testified for the accused. In his closing argument, the prosecutor stated as a fact that, of his personal knowledge, juries in other cases had paid no attention to Dr. McKinzey's testimony.

To us, the distinction between the two cases is apparent. In the Davis case, the prosecutor told the jury that the people generally had no confidence in Dr. McKinzey's veracity. In the case at bar, the prosecutor told the jury that the appellant's witnesses were "convicted witnesses" and concluded from that fact that their testimony, in the case at bar, had been untrue.

It is noted that the court sustained the objection to the above argument and twice told the jury to disregard the same.

We find no reversible error reflected in this bill.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.