Felix DAVILA, Appellant,

v.

The STATE of Texas, Appellee.

No. 37842.

Court of Criminal Appeals of Texas.

March 17, 1965.

Rehearing Denied April 28, 1965.

Evans & Egger, by Samuel L. Egger, San Antonio, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery by assault; the punishment, five years.

Service station attendant Estrada testified that he was on duty alone on the night in question, that two men, who he later learned were brothers, came to the station in a Buick automobile, that appellant and his brother got out and ordered some gasoline after which the Buick began to roll down the hill and that at his brother's command appellant got in the Buick, applied the brakes and kept the motor running. At this juncture, appellant's brother entered the station with Estrada and with his hand in his coat pocket told Estrada that he wanted the money and threatened to kill him. Estrada surrendered more than one hundred dollars, and appellant's brother backed out of the station and ran to the waiting Buick, got under the steering wheel and drove away. Estrada called the sheriff, gave him the license number of the Buick and later accompanied the officers in their pursuit of the pair. Shortly thereafter, the Buick was found abandoned in a field, and a blood hound tracked the pair a distance of approximately eight miles until they were apprehended. Estrada testified that appellant was intoxicated on the night in question and admitted that he had later made a written statement in which he said that appellant "was so drunk I didn't think he knew what he was doing or where he was at".

Sheriff Fuller testified that he received a call from Estrada and began to look for the Buick, that he saw the same traversing the streets of Floresville and gave pursuit, that what he later discovered to be a sum of money in excess of one hundred dollars was thrown from the right side of the Buick as was a coat which contained a pocketbook with identification papers belonging to appellant, and that he fired several warning shots in an effort to halt the Buick but was unable to do so. He later discovered the Buick abandoned in a field, secured the blood hound and finally apprehended appellant and his brother several miles further away as they were lying on the ground under a tree.

Appellant, testifying in his own behalf, admitted being with his brother on the night in question, but stated that he was so drunk that he did not remember or participate in the robbery and only remembered being shot at and later captured after fleeing on foot for several miles.

He also introduced other witnesses who testified to interviewing Estrada after the robbery and stated that Estrada had told them that appellant was so drunk when he was at the station that he did not appear to know what he was doing.

We overrule appellant's contention that the evidence is insufficient to support his conviction. His presence at the scene with his brother who took the money and made the threat and his act of sitting under the steering wheel and keeping the motor running while the robbery was in progress are sufficient to make him a principal to the offense.

Appellant's principal contention on appeal is that the court violated Article 638 Vernon's Ann.C.C.P. during the course

of the selection of the jury. After a number of jurors had been excused there remained 28 jurors on the panel. The appellant exercised ten peremptory challenges and the State eight; one juror was challenged by both the appellant and the State. This left eleven selected jurors. The State withdrew one of its peremptory challenges; a juror whom appellant had not challenged was selected, and the jury was complete. Instead of moving the court to call additional jurors as provided by Article 638, supra, appellant orally moved to quash the panel and for a mistrial. Under the above statute he was not entitled to such relief. In objection to any action of the court, counsel should make known to the court relief which he seeks and that which the law entitles him to secure. Curry v. State, 157 Tex.Cr.R. 237, 248 S.W.2d 166.

In the absence of a proper objection, the failure of the court to call additional jurors from which the twelfth juror should have been selected is deemed waived.

Finding no reversible error, the judgment is affirmed.