**Jesse DOMINGUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43309.**

Court of Criminal Appeals of Texas.

Jan. 6, 1971.

Gerald K. Fugit, Odessa, for appellant.

John L. Hoestenbach, Jr., Asst. Dist. Atty., and John H. Green, Dist. Atty., Odessa, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a felony theft conviction with the punishment assessed at ten years by virtue of a prior conviction alleged for enhancement. See Article 62, Vernon's Ann.P.C.

The sole question presented on appeal is the sufficiency of the evidence to sustain the conviction.

The State's evidence shows that between 3 and 4 p. m. on Thursday, December 5, 1968, a Bell and Howell 442 Super Eight movie camera valued in excess of $50 and retailing at $159.95 was stolen from the Gorman's Camera Shop located in the city of Odessa. Truman Gorman, owner of the camera shop, testified that on the date and at the approximate time in question he had the 442 camera and another camera on a display counter showing both to a customer who eventually purchased the other camera.

While in the process of waiting on such customer he observed a man in the store who "looked very much like" the appellant —"a man about his size and description." Shortly thereafter Gorman assisted the customer in carrying his purchases to his car, leaving the 442 camera on the top of the counter. Within a matter of a few minutes he was called by the police and asked if a camera had been stolen from his shop, and then he discovered the 442 camera had been taken without his consent.

A short time after 4 p. m. on December 5, 1968, Captain Miles and Detective Wallace of the Odessa Police Department, while on routine patrol, observed the appellant stagger into an alley between Grant and Lee Streets, only two blocks from the camera shop. The appellant was carrying a brown paper sack and appeared to be intoxicated. Wanting to prevent the appellant from being injured by the heavy traffic on 2nd Street, the officers circled the block and entered the alley from the other end. When they were within 50 or 60 feet of the appellant, who was still carrying the paper sack, he ducked behind a "Dempster Dumpster" trash container and the officers lost sight of him for "a second or a second and a half" or a "couple of seconds." The officers arrested the appellant for being drunk as he emerged empty handed from behind the "Dempster Dumpster." Near the place where the appellant had been standing behind the trash container, the officers found a brown paper bag containing the said 442 camera with the price tag still attached. There were no other brown bags there and the bag appeared to the officers to be the same as the one they had seen the appellant carrying earlier.

Gorman identified the camera in the bag as the 442 camera which was in his store only a few minutes before and which had been taken without his consent.

Appellant pitches his argument on the fact that Gorman was unable to make a

positive identification of the appellant as the Latin American male he had observed in the store and that such individual did not appear intoxicated while the appellant, when arrested a few minutes later, was obviously intoxicated.

The rule is well established, however, that the unexplained possession of property recently stolen is a sufficient circumstance to authorize a jury to convict for theft of the property. 5 Branch's Ann. P.C., 2d ed., Secs. 2650 and 2651.

Appellant argues that the camera was not found in his possession, but it is also well settled that an accused may be in such close juxtaposition to the stolen property as to amount to possession. See Moore v. State, 140 Tex.Cr.R. 653, 146 S.W.2d 762; Hermosia v. State, 110 Tex.Cr.R. 8, 6 S.W.2d 767; Jones v. State, 105 Tex.Cr. R. 574, 289 S.W. 684; Perry v. State, Tex. Cr.App., 78 S.W. 513.

The court charged the jury on the law of circumstantial evidence and under the circumstances presented, we conclude the evidence was sufficient to support the jury's verdict.

The judgment is affirmed.