**William Kendrick ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45298.**

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

Kerry P. FitzGerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a felony theft conviction wherein the punishment was assessed at 9 years.

At the outset appellant challenges the sufficiency of the evidence to sustain his conviction.

Herman Bell testified that he lived at 3817 Marshall Street in the City of Dallas; that he arrived home on November 29, 1970 about 3:30 a. m. and parked his 1962 Chevrolet Impala automobile, license number MFZ 141, at his home and did not leave the keys therein. He discovered his automobile missing about 7 a. m. on the same date.

He further testified he paid $564.00 for the automobile in July 1970, and that, in his opinion, the automobile had a fair market value in Dallas County of $500.00 at the time it was taken; that he did not give the appellant or anyone else permission to take the vehicle. He also related that Herrling Street was about five blocks from Marshall Street.

Dallas Police Officer Marks testified he received a "theft in progress call on Herr-

ling in South Dallas" about 6 a. m. on November 29, 1970; that he was two blocks away from said location at the time; and that when he turned onto the 3600 block of Herrling, he observed a man, later identified as the appellant, under the hood of a 1962 Chevrolet. As the officer approached, the appellant ran across the street and was apprehended by the officer who observed grease on appellant's hands and the front of his beige coat or jacket. When asked, appellant denied being under the hood of the car and claimed he was going home.

Officer Marks stated the motor vehicle in question was a two-door Chevrolet Impala, 1970 Texas license number MFZ 141; that he observed a car battery between the roadway and the sidewalk near the automobile, and that he saw a flashlight, still burning, on top of a battery under the hood of the vehicle.

Testifying in his own behalf, appellant stated he was on his way home at the time in question and denied being under the car's hood or having had a flashlight or grease on his hands.

In rebuttal, the State called Officer Ellery, who testified he lifted some fingerprints at the scene. He identified State's Exhibit No. 11 as the fingerprints he had lifted from the above-mentioned flashlight. Lieutenant Day of the Dallas Police Department testified he had taken appellant's fingerprints and they were identical with the ones on State's Exhibit No. 11.

Willie Mae Humphrey of 3610 Herrling Street testified that about 4 or 5 a. m. on the date in question, a man knocked on her door and asked for a "boost" and that she refused his request. She next saw the man in light-colored clothing with a flashlight go to one of her neighbor's cars and then walk down the street. Some ten or fifteen minutes later, she saw him return with a battery. She called the police about 6 a. m. She related she never saw the man's face.

Ellen Rhodes of 3530 Herrling testified that in the early morning hours on the date in question, someone took a battery and a flashlight from her car. She identified the flashlight and one of the batteries found near the stolen car as belonging to her.

The rule is well established that the unexplained possession of property recently stolen is a sufficient circumstance to authorize a jury to convict for theft of the property. 5 Branch's Ann.P.C., 2d ed §§ 2650 and 2651. It is also well-settled that an accused may be in such close juxtaposition to the stolen property as to amount to possession. See Dominguez v. State, 461 S.W.2d 417 (Tex.Cr.App.1971). 55 Tex. Jur.2d Theft §§ 212–218.

Under the circumstances presented and considering the same in the light most favorable to the jury's verdict, we conclude the evidence is sufficient to support the conviction.

Next, appellant contends the admission of the testimony of Ellen Rhodes reflected an extraneous offense and constituted fundamental error. He makes this claim because no objection was made to such testimony, and, normally, nothing is thus presented for review. We cannot agree that any fundamental error is reflected. Even if there had been a timely objection, such testimony, in our opinion, would have been admissible as res gestae of the continuing offense to appropriate the car to appellant's own use and benefit, and would, thus, fall within one of the exceptions to the general rule prohibiting the introduction of extraneous offenses.

Appellant further complains fundamental error occurred when State's Exhibits No. 10 and 11 were introduced ". . . as said exhibits reflected information concerning an alleged offense extraneous to that for which appellant was presently on trial."

When these exhibits, relating to fingerprints lifted from the vehicle in

question, were offered into evidence, appellant's trial counsel expressly stated he had "no objection." No error is thus preserved for appellate review. Jenkins v. State, 468 S.W.2d 432 (Tex.Cr.App.1971). Earlier the appellant had unresponsively stated on cross examination that he had been charged with "investigation for breaking and entry and auto theft." This was basically the same information on the exhibits that appellant now complans of. No reversible error is shown.

Lastly, appellant complains of the prosecutor's jury argument at the guilt stage of the trial.

After noting the defense counsel's statement on voir dire that his job was to protect the appellant's rights, the prosecutor argued that the judge "is up here to do the very same thing," and that "the law protects all of this man's rights from A to Z." The record then reflects the following:

"MR. MAYS:  .   .   .   .

Now, the question here is whether or not protection after all of the evidence that you have heard, whether or not the rights of the law abiding citizens of Dallas County are going to be protected—

MR. BUCHSCHACHER: I object to his inference that the Defendant is not law abiding—

THE COURT: Overruled.

MR. MAYS: I am saying that he's not law abiding and the protection of the law abiding citizens is uppermost at this point and time. After all the evidence you heard,  .   .   .   ."

Thereafter, no further objection was offered.

 On appeal, appellant complains for the first time that such argument injected unsworn statements of facts into evidence and that such remarks constituted an appeal to community prejudices, all to his irreparable harm. Apparently recognizing that he sought no further relief after his

objection was overruled and that his objection on appeal is not the same as made at the time of trial, the appellant claims fundamental error. We cannot agree. Appellant fails to point out what he now claims constituted unsworn statements of facts not supported by the evidence. Further, the argument was more in the form of a plea for law enforcement than an improper appeal to community prejudice as contended by the appellant. Pennington v. State, 171 Tex.Cr.R. 130, 345 S.W.2d 527 (1961), cited by appellant, is not here controlling.

The judgment is affirmed.