In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00212-CR


______________________________




ALFONSO JACKSON, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


Hopkins County, Texas


Trial Court No. 0518022




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Alfonso Jackson, Jr., attempts to appeal the revocation of his community supervision for the
underlying offense of possession of marihuana of more than four ounces but less than five pounds. 
Jackson's sentence was imposed July 16, 2008. His notice of appeal was filed October 20, 2008. 
We received the clerk's record November 24, 2008. The issue before us is whether Jackson timely
filed his notice of appeal. We conclude that he did not and dismiss the attempted appeal for want
of jurisdiction.

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which a notice
of appeal must be filed by a defendant in order to perfect appeal in a criminal case. A defendant's
notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. The record does not contain any motion
for new trial. The last date Jackson could timely file his notice of appeal was August 15, 2008, thirty
days after the day the sentence was imposed in open court. See Tex. R. App. P. 26.2(a)(1). Further,
no motion for extension of time was filed in this Court within fifteen days of the last day allowed
for filing the notice of appeal.

 Jackson has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of
jurisdiction.


 Jack Carter

 Justice


Date Submitted: November 24, 2008

Date Decided: November 25, 2008


Do Not Publish



t-align: justify">                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            A Texarkana fast-food restaurant was robbed in the early morning hours of July 3, 1999, by
a man brandishing a sawed-off shotgun and wearing a mask resembling the one worn in the motion
picture Scream. When, shortly thereafter, officers stopped a vehicle driven by Robert Charles Dodd
speeding away from the crime scene, they also found in the car a single passenger, Cedric Kelley,
feigning sleep in the back seat, as well as a sawed-off shotgun partially hidden beneath the passenger
seat, a Scream mask, a large sum of money in a pillowcase, and some loose cash on the car's floor. 
            A jury convicted Dodd of the felony offense of aggravated robbery.


 See Tex. Pen. Code
Ann. §§ 29.02, 29.03 (Vernon 2003). In accordance with the jury's assessment of punishment, the
trial court sentenced Dodd to eight years' confinement. On appeal, Dodd's single point of error
asserts the evidence is insufficient to convict him of the offense. Because we hold the evidence is
legally sufficient to support Dodd's criminal responsibility as a party to Kelley's aggravated robbery,
we affirm.
            At trial, the court admitted into evidence Dodd's written statement given to a Texarkana
Police Department detective. In that statement, Dodd said he had borrowed his uncle's car to pick
up Kelley as a favor to Dodd's cousin, who was seven months pregnant with Kelley's child. Dodd
also indicated that, during a telephone call between Dodd and Kelley setting up the transportation
arrangements, Kelley said he needed to "get some money." Once in the car, Kelley directed Dodd
to drive to the parking lot of a Comfort Inn motel adjacent to a Burger King restaurant near the
intersection of North State Line Avenue and Interstate Highway 30 in Texarkana. Kelley left the
vehicle, taking with him the Scream mask and pillowcase and, a few minutes later, ran back to the
car and told Dodd to drive away. Later, in the car, Kelley admitted to Dodd he had robbed the
restaurant and had the money and a sawed-off shotgun in the pillowcase. Dodd admitted his belief,
when Kelley exited the vehicle, that Kelley intended either robbing the Burger King or playing a
prank on Kelley's cousin who was working there. Dodd indicated that, once Kelley returned to the
car with the pillowcase and its contents, he knew Kelley had robbed the Burger King. 
Reviewing the Evidence's Legal Sufficiency
            A challenge to the factual sufficiency of the evidence is properly raised only if it is specified
in a separate point; thus, a point raising only "sufficiency" and citing only to Jackson v. Virginia, 443
U.S. 307 (1979), is a legal sufficiency point. Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim. App.
1996); Davila v. State, 930 S.W.2d 641, 648 (Tex. App.—El Paso 1996, pet. ref'd). On appeal,
Dodd challenges the "sufficiency of the evidence," then sets out the standard of review for legal
sufficiency of the evidence, citing to Jackson. Therefore, we will treat Dodd's sole point of error as
raising only a complaint as to the legal sufficiency of the evidence.
            In reviewing the legal sufficiency of the evidence to support a conviction, we view all the
evidence in the light most favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389 (Tex.
Crim. App. 2000). The critical inquiry is whether, after so viewing the evidence, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. at
389–90.
Aggravated Robbery and Parties Responsible
            A person commits aggravated robbery when, in the course of committing theft and with the
intent to obtain and maintain control of property, he or she intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death and uses or exhibits a deadly weapon. Tex.
Pen. Code Ann. §§ 29.02(a)(2), 29.03(a)(2). The Texas Penal Code defines the phrase "in the
course of committing theft" to include "conduct that occurs in an attempt to commit, during the
commission, or in the immediate flight after the attempt or commission of theft." Tex. Pen. Code
Ann. § 29.01 (Vernon 2003).
            A jury may infer intent from any facts which tend to prove its existence, including the acts,
words, conduct of the accused, and the method of committing the crime. Hart v. State, 89 S.W.3d
61, 64 (Tex. Crim. App. 2002). A jury may also infer knowledge from such evidence. Id. A jury
may infer the requisite intent from circumstances surrounding the offense when determining a
defendant's guilt as a party to the delivery of a controlled substance. Marable v. State, 85 S.W.3d
287, 294–95 (Tex. Crim. App. 2002). Intent and knowledge are fact questions for the jury's
determination and are almost always proven through evidence of the circumstances surrounding the
crime. Manrique v. State, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999).
            A person is held criminally responsible as a party to an offense if the offense is committed
by his or her own conduct or by conduct of another for which he or she is criminally responsible, or
by both. Tex. Pen. Code Ann. § 7.01(a) (Vernon 2003). A person is criminally responsible for an
offense committed by another if, with the intent to promote or aid the commission of the offense,
he or she solicits, encourages, directs, aids, or tries to aid the other person to commit the offense. 
Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 2003).
            A defendant may be convicted under the law of parties where he or she is physically present
at the commission of the crime and encourages its commission by words, conduct, or other
agreement. Ransom v. State, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994). In order to convict an
accused as a party to the offense, the evidence must establish that, at the time of the commission of
the offense, the parties were acting together, each contributing some part toward the execution of
their common purpose. Barnes v. State, 62 S.W.3d 288, 297 (Tex. Crim. App. 2001); Ex parte
Welborn, 785 S.W.2d 391, 394 (Tex. Crim. App. 1990). A trial court may consider evidence of
events occurring before, during, and after the commission of the offense and may rely on actions of
the defendant which demonstrate a common understanding and design to commit the act. Ransom,
920 S.W.2d at 302. The jury may infer participation in the criminal offense from the circumstances;
there need not be direct evidence. Barnes, 62 S.W.3d at 297.
            Mere presence at the scene of the crime is, alone, insufficient to prove an accused is a party
to the offense. Id. at 297. Likewise, flight from the crime scene, alone, is insufficient to prove an
accused participated in an offense. Valdez v. State, 623 S.W.2d 317, 321 (Tex. Crim. App. 1979). 
Each of those factors, however, can be a circumstance tending to prove culpability. Barnes, 62
S.W.3d at 297; Valdez, 623 S.W.2d at 321.
            It is well established that evidence of an appellant's participation as driver of the get-away
car is legally sufficient. See Gerzin v. State, 447 S.W.2d 925, 926 (Tex. Crim. App. 1969); Davila
v. State, 388 S.W.2d 944, 945 (Tex. Crim. App. 1965); Stewart v. State, 652 S.W.2d 496, 500 (Tex.
App.—Houston [1st Dist.] 1983, no pet.).
            Dodd contends that, since the evidence failed to show he went into Burger King or used or
exhibited the sawed-off shotgun, the evidence is insufficient to convict him of aggravated robbery. 
Further, he argues he did not know that Kelley intended to rob the restaurant until Kelley jumped
back into the car, carrying the pillowcase and its contents. Thus, he maintains, he could not have
acted with the requisite intent. Since clearly Dodd did not participate as the gunman, we address
Dodd's second contention and, to that contention, we apply the law of parties. In other words,
regardless of whether Dodd acted as the gunman, he may still be held responsible as a party to the
robbery.
The Evidence Against Dodd
            The evidence was sufficient to enable the jury to conclude reasonably that Dodd acted with
the intent to promote or aid the commission of the offense. By (1) picking Kelley up after being
aware that the trip's purpose was to allow Kelley to get some money, (2) driving him to the Comfort
Inn parking lot near Burger King, (3) seeing him leave the car with the mask and pillowcase,
knowing Kelley would either rob the Burger King or play a prank there, and (4) at Kelley's direction,
awaiting Kelley's return—all actions to which he confessed—Dodd contributed some part toward
the offense. The jury can infer from these actions and circumstances that Dodd made these
contributions with the requisite intent. Dodd's actions under such suspect circumstances are
sufficient to allow the jury to reasonably infer that Dodd participated with the intent to promote or
assist the commission of the offense.
            Further, Dodd admits that, when Kelley returned to the vehicle in the Comfort Inn parking
lot, he realized Kelley had robbed the Burger King. Even if the jury found Dodd believed, before
the robbery, Kelley was going to pull a prank, Dodd's actions after he admittedly knew about the
robbery are sufficient to convict Dodd as a party. So, even if Dodd's position were correct, that he
actually did not know about the robbery until Kelley returned to the car, we would still conclude the
evidence was legally sufficient. Aggravated robbery can be committed any time during "the course
of committing theft," Tex. Pen. Code Ann. §§ 29.02, 29.03, which includes conduct occurring "in
the immediate flight after . . . commission of theft." Tex. Pen. Code Ann. § 29.01. Dodd, by
driving Kelley and the proceeds from the scene after he admittedly knew Kelley had robbed Burger
King, participated in the immediate flight from the offense. Dodd became the get-away driver for
Kelley at the point he knew Kelley had robbed Burger King. Get-away drivers traditionally fall
squarely within party liability theory, and evidence that shows they were the drivers is also sufficient
to show that they participated in the commission of the offenses.
            Thus, even if one could argue that Dodd did not knowingly participate before the robbery,
evidence of his actions following Kelley's return to the car is legally sufficient to convict Dodd as
a party to aggravated robbery. He knew, and Kelley admitted to him, that Kelley had robbed Burger
King. Thus, evidence Dodd aided Kelley in leaving the scene was sufficient to hold him criminally
responsible.
            We, therefore, overrule Dodd's sole point of error and affirm the trial court's judgment.
 
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          May 24, 2004
Date Decided:             June 15, 2004

Do Not Publish