JOE NEWMAN v. THE STATE.

No. 6472. Decided April 26, 1922.

Murder—Manslaughter—Misconduct of Jury.

Where, upon trial of murder and a conviction of manslaughter, the record on appeal showed that the jurors were permitted to scatter and to receive matters addressed to them coming from the postoffice, and it was not shown that they did not relate to the case, to rebut the presumption of injury, the same was reversible error. Following Early v. State, 51 Texas Crim. Rep., 391, and other cases.

Appeal from the District Court of Atascosa. Tried below before the Honorable Covey C. Thomas.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. R. Garnard,* and *R. R. Smith,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appeal is from a conviction of manslaughter.

Certain conduct of the jury is urged as grounds for a new trial. One of the jurors failed to disclose on his voir dire that he was not a householder in the county. The members of the jury were taken to a restaurant and thence to the post office. While at the post office they were permitted to scatter about the building, some of them going out on the street, and one of them crossing the street and entering into a conversation with a friend. It was shown, however, that this conversation was of a harmless nature. While in the post office several members received through the mail packages and communications, the nature and contents of which was not revealed.

Articles 748 and 837 are invoked. In Article 748, it is said:

". . . nor shall any person be permitted to converse with a juror after he has been impaneled, except in the presence and by the permission of the court, . . . and in no case shall any person be permitted to converse with the juror about the case on trial."

In Article 837, subdivision 7, it is said:

"Where the jury, after having retired to deliberate upon a case, have received other testimony; or where a juror has conversed with any person in regard to the case, . . . a new trial shall be granted."

The purpose of the statutory provisions to which reference has been made is revealed by this language of the Constitution:

"The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency." (Section 15, Const. of Texas.)

The statute, Article 748, forbids a juror to converse with an outsider except with the sanction of the court and in his presence; and subdivision 7 of Article 837 makes a new trial imperative where it is shown that a juror has conversed with an outsider. The construction placed upon these statutes is that where they are violated, that is to say, where the juror holds unauthorized communication with any one, it is presumed that it was about a matter inhibited by the statute and is therefore injurious to the accused. This presumption prevails unless rebutted by the State. Illustrative of this rule is Early v.

State, 51 Texas Crim. Rep., 391, where a conversation over the telephone was in question and where the State did not show the harmless nature of the conversation. See also McDougal v. State, 81 Texas Crim. Rep., 179.

In addition to the statute mentioned, subdivision 8 of article 837, without defining the misconduct, requires that a new trial shall be granted for misconduct of the jury preventing a fair and impartial trial. See Vernon's Tex. Crim. Stat., Vol. 2, p. 792; Ruling Case Law, Vol. 16, p. 312; Sec. 120, in both of which volumes illustrative cases will be found.

Adverting to the facts of the instant case, the jurors, without restraint and without inquiry as to its nature, were permitted to receive matters addressed to them coming through the post office. If the law sanctioned such practice, no better means can be conceived of communicating injurious or corrupting matters to the members of the jury. The facts are not in dispute. That the jurors received their mail is not questioned. Obviously, they may have related to the case; they may have related to injurious matters, the receipt of which would prevent a fair and impartial trial. Knowing that the matters had been received, it was incumbent upon the State to rebut the presumption of injury. It having failed to do so and the trial court having denied a new trial, obedience to the statutes passed to preserve the purity and efficiency of the right of trial by jury renders a reversal imperative. The judgment is reversed and the cause remanded.

*Reversed and remanded.*