C. S. Bartlett v. The State.

No. 14513.   Delivered December 9, 1931.

The opinion states the case.

*Carlton J. Smith,* of Waco, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE. — Conviction for robbery; punishment, twenty-five years in the penitentiary.

We are not favored with a brief in behalf of appellant. The facts show without dispute that appellant by the exhibition of a pistol, coupled with a demand, compelled the cashier of a store in Waco, Texas, to deliver to him some $300. Appellant's confession fully admitting such facts, was in evidence.

The defense was insanity, and a number of witnesses testified both for the state and the defense on this point. We think the testimony ample to support the finding of the jury against appellant in this regard. His own confession gave strong support to the proposition that the robbery was deliberately planned and executed by one thoroughly capable of under-

standing and appreciating the nature of the act he was doing. Appellant admitted that he bought a pair of overalls and a blue shirt which he wore at the time, and a pair of glasses with bluish colored lens which he used as a part of his disguise. He took a paper sack with him which he handed to the cashier with the command that she put the money in it. He was thoroughly familiar with the surroundings at said store, having been at one time in a business which took him to said store very frequently. After getting the money, the facts show that appellant ran down an alley and into another building where a pursuer overtook and caught him.

There are many bills of exception in this record. We have no criticism to make of the preservation of proper bills of exception, but feel impelled to observe that after the heat of the trial has passed and attorneys representing the accused have time to coolly reflect upon and examine the exceptions taken during the trial, it would save a good deal of expense, and certainly a good deal of labor in the examination of such matters, if only those bills of exception were prepared and put in the record which, in the judgment of the attorneys for the defendant, present matters of merit.

Bill of exception No. 1 takes two pages of the record to complain of the fact that a witness, testifying to the insanity of the accused, was required to state on cross-examination that she had never known of appellant having been fired from any jobs of work, but that he had been laid off. It is plainly a pertinent inquiry, in an insanity investigation, to ask if the party under investigation is able to do ordinary work, and to do such work in a manner satisfactory to his employer.

Bill of exception No. 2 complains at the action of the court for sustaining the state's objection to a question propounded to a medical expert as follows: "If a brain specialist should examine a person and find him to be suffering with symptoms of insanity and that finding was verified by an x-ray picture of the type of this (referring to an x-ray picture handed the witness), would that be conclusive that he was insane?" The bill does not set out what the answer would have been.

Bill of exception No. 3 is insufficient in that it fails to show what the answer of the witness would have been, if permitted to answer a question asked by appellant. Under all the authorities a bill of exception complaining of the refusal of the court to let a witness answer a question, must set forth what the answer would have been, unless the form of the question be objectionable.

Bill of exception No. 4 complains of a question propounded on cross-examination to a defense witness who had testified that in her opinion the defendant was insane, and also that he had a good reputation as a peaceable, quiet and law-abiding citizen,—if it was not true that she had never heard anybody except the wife of the defendant say they thought he was

crazy, to which the witness answered that she had not discussed it with anyone else. There might be some question as to the propriety of said interrogation, but the answer having been given as stated, no injury is perceived.

Bill of exception No. 5 complains at the reception of the testimony of a doctor who said that he had been engaged in the practice of medicine for twenty-five years, and had been in the general practice all that time, the objection being that said physician had not qualified as an expert. The bill itself reflects further that this witness testified on re-direct examination that he had had experience in testing insane people and people with nervous disorders that extended over the entire time of his practice, that he had observed patients of that kind and studied their cases. We perceive no error in permitting the physician, who gave the qualifying testimony, to state his opinion as to the sanity or insanity of the accused. We think one whose experience, extending over a considerable length of time, shows him to be qualified as an expert, is in fact better qualified as such expert than one with less experience as a practitioner who is willing readily to say that he is such expert. Bill of exception No. 6 is in somewhat the same general condition as is the preceding bill. The same doctor was permitted to testify that the chief function of the pituitary glands was more for the development of the body than anything else, appellant's objection being that the doctor had not qualified as an expert.

Bill of exception No. 7 covers four entire pages and two parts of pages of the transcript, presenting much of the testimony of a doctor who testified for the defense, and quite a bit of the testimony of another doctor who testified for the state, the latter doctor having said that he had had twenty-five years experience as a practitioner of medicine and much experience in treating nervous disorders and insane people, the entire lengthy bill having for its purpose the presenting of appellant's objection that the state witness was not qualified. We make the same observation as to the two preceding bills of exception.

Bill of exception No. 8 sets out the testimony of the jailer who testified to certain statements made by appellant while in jail, as reflecting his mental condition. Said statements contained nothing which could otherwise offset or shed light upon the question of appellant's guilt or innocence. In such case we have often said that testimony as to statements made while in confinement or under arrest was admissible. The court instructed the jury that they could not consider the testimony as to the statements made by appellant while under arrest as affecting his guilt or innocence, but only as affecting the question of sanity or insanity. This was a correct proposition under the facts in evidence. Lane v. State, 59 Texas Crim. Rep., 595, 129 S. W., 353; Henderson v. State, 49 Texas Crim. Rep., 512, 93 S. W., 550.

A number of the witnesses for the defense testified that one of appellant's chief complaints was as to his head hurting him. We perceive no error in permitting the state to show by the officer who took appellant's confession, that the latter made no complaint while in custody of this officer or during the taking of the confession, of his head hurting him. The deputy sheriff who was jailer at the time appellant was put in jail after the robbery, having testified that he was with him and observed him and talked to him during the time he was in jail and since that, in the court room, was permitted, and we think correctly, to testify that in his opinion appellant was sane at the time he was in jail. The same witness was permitted to testify for the state, over objection, that he had had occasion to observe the demeanor of appellant while in the court room during the trial of this case, and that there was a difference between appellant's conduct and demeanor in the court room and while in jail,—that while in the court room witness observed appellant "Wobbling his head constantly, and that he did not notice the defendant wobbling his head in jail." We are cited to no authority holding such testimony incompetent, and believe it to be testimony of a fact entitled to be put before the jury and considered by them for what it might be worth as a circumstance supporting the proposition that appellant was feigning insanity and indulging in conduct calculated to convey to the jury the impression that he was insane at the time of this trial. See Branch's Ann. P. C., sec. 30, and authorities; Tubb v. State, 55 Texas Crim. Rep., 606, 117 S. W., 858.

There are several other bills of exception along the same general lines as those above mentioned, each of which has been examined by us, and a particular discussion of same would but serve to lengthen this opinion without adding to its value from any other standpoint.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*