### JOE HOBRECHT V. THE STATE.

No. 17012. Delivered November 14, 1934.
Reported in 75 S. W. (2d) 1099.

The opinion states the case.

*Leonard Brown,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for unlawfully carrying a pistol; punishment, a fine of $100.

Three officers went to the Walkathon Stadium in San Antonio at about 2 o'clock A. M. and found appellant there with

a woman. The officers asked appellant if he had a pistol. Their testimony as to the answers differs. One officer said appellant replied, "What is that to you." Another officer swore that appellant said, "It is none of your damn business." The other officer testified that appellant replied, "Yes," and coupled this with some other remark. Each officer further testified to movements by appellant with his hands coincident with his reply as above stated. K— the officer who took the pistol from appellant,— testified:

"Hobrecht made a move towards his right hip where the gun was, and I made a move for it just about the same time. As to whether he put his hand on the gun, I am pretty sure that he did, he had it back that way (illustrating), when I went back there for it.

"I did not see the gun before I took it, not until I went back for it, then I did. I could not see it before I got my hand on it, the man had his coat on.

"As to what prompted me, or caused me to seize the gun, when Isbell asked him if he had a pistol, he went back and I didn't know whether he was going to hand it to him, or whether he was going to use it, or not, but when he did I went back and got the pistol; I was standing right behind him."

Officer Christoff testified that when he (appellant) reached around to get it, both hands were there when K pulled the gun out.

Appellant objected to the testimony of the officers as to their finding upon his person a pistol upon the ground that said officers had no search warrant, and no ground for his arrest without a warrant. Evidently the trial court was of opinion,— in which we concur,—that there existed probable cause upon which the State relied to establish the legality of the search of appellant's person which revealed his possession of said pistol.

A reasonable ground of suspicion, supported by circumstances sufficiently strong to warrant an ordinarily prudent man in making the search,—would meet the measure laid down by all the authorities as to the requirements upon which to predicate a search upon probable cause. We have no hesitation in affirming that when men, known to be officers, approach a man at 2 o'clock A. M. and ask him if he has a pistol, and he either answers "yes," or says "What is it to you," or "None of your damn business,"--and accompanies whatever such remark he makes by throwing his hand toward the time-honored hip pocket, —this would strongly argue both a good ground of suspicion and the existence of a circumstance which would seem to impel a

reasonably prudent man to try to beat such party to it, at least to the extent of getting his hand on the pistol before same is drawn by its possessor. Under such circumstances, to wait to see what he intends to do with the pistol when drawn would hardly characterize the waiter as a reasonably prudent person. In our opinion the three bills of exception complaining of the reception of the testimony as to the search are without merit. We believe the officers had ample ground for their suspicion and for their prompt action.

Finging no error in the record, the judgment will be affirmed.

*Affirmed.*