FREMONT MCCOLLUM V. THE STATE

No. 17341.   Delivered April 3, 1935.
Rehearing Denied December 11, 1935.

The opinion states the case.

LATTIMORE, J:, dissenting in part.

*B. L. Palmer,* of Houston, and *Joseph V. Frnka,* of Columbus, for appellant.

*R. A. Weinert,* District Attorney of Seguin, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for thirty-five years.

J. L. Chapman, who was cashier of the Garwood State Bank, testified that appellant entered the bank on April 30, 1934, and robbed him of approximately $4200. Mrs. Cole Hopkins, an employee of the bank, corroborated Mr. Chapman. Other witnesses for the State testified to having seen appellant in the town of Garwood on the occasion of the robbery.

Appellant did not testify, but introduced witnesses whose testimony was to the effect that appellant was in the State of Oklahoma at the time of the robbery.

The judgment must be reversed because of misconduct of the jury. From the testimony heard on the motion for a new trial, the following, in substance, is shown: After the impanelment of the jury, and before the rendition of a verdict, the jury was on two occasions taken to the M System store in the town of Columbus. On each of the occasions mentioned, part of the jury remained on the sidewalk in front of the store while several of the jurors went inside and made purchases. Those entering the store were unaccompanied by an officer. The jurors testified that in making the purchases they merely told the clerks in the store what they wanted, and that the case upon trial was not mentioned or discussed. S. D. Chapman, an employee of the store, testified that at the time he waited on some of the jurors the case against appellant was not mentioned. He testified further, that he was a third or fourth cousin of J. L. Chapman, the alleged injured party. Again, he testified that he and a negro porter were the only employees in the store and that the negro waited on some of the jurors. He was asked: "At the time the negro was waiting on the jurors did you hear anything said between them?" He answered: "I didn't pay any attention, no sir." Again, he testified that he believed that he only heard the sale of matches mentioned between the porter and the jurors. The negro porter was not called by the State as a witness, nor was, it shown that he was not available. Charles B. Stafford, who was in charge of the jury, remained with the jurors who were on the sidewalk at the front, and was not in the store at any time during the separation of the jury.

It is declared in Art. 671, C. C. P., that no person shall be permitted to be with the jury while they are deliberating upon a case, nor be permitted to converse with a juror after he has been impaneled, except in the presence and by the permission of the court, or except in a case of misdemeanor, where the jury have been permitted by the court to separate. Further, it is provided that no person shall be permitted to

converse with a juror about the case on trial. Provision is made in Art. 672, C. C. P., for punishment by contempt of court of those violating the provisions of Art. 671, supra. Under the terms of Art. 673, C. C. P., it is made the duty of the officer in charge of the jury to keep them together and prevent intercourse with any other person. That there was a violation of these statutory provisions is obvious. Under the circumstances, the presumption of injury obtained. Chappell v. State, 50 S. W. (2d) 327. The burden of overcoming the presumption of injury was on the state. We quote the language of Judge Lattimore in the case of Mauney v. State, 85 Texas Crim. Rep., 184, 210 S. W., 959, as follows: "Not only should the appearance of evil be avoided by strict observance of this statutory rule forbidding communications with the jury when the court is not present, but the further fact is true that human nature is frail and prone to excuse itself; and it is easily possible to conceive a case where the party conversing with a juror, as well as the juror himself, fearful of punishment for contempt, might not remember all that passed at such conversations, and might deny mention of the case between them by virtue of a convenient memory. We think the rule in cases of a violation of the provisions of Art. 748 ought to be that injury in such case is presumed unless the contrary is made to appear to the satisfaction of the court; the trial court primarily, and ultimately this court. Any presumption can be overcome by evidence, and in such case of presumptive injury the burden ought to be on the State to satisfy the court that no injury has resulted from such violation of the statute."

In Chappell v. State, supra, it was shown that the jurors were taken to a barber shop and conversed with the barbers shaving them. The attending officer could not remember all that was said. The barbers were not called as witnesses. In the course of the opinion in said case, Presiding Judge Morrow used language as follows: "In instances like the present, where jurors are put in a position that they must mingle with the public, it is difficult to overcome the presumption of injury, but, when raised on motion for a new trial, there should be no failure to use available testimony to negative injury. * * * It is thought that the verdict in the present instance cannot be sustained without overthrowing the safeguards recognized as essential to give assurance that the verdict of the jury reflects the judgment of the jurors unaffected by influences of an improper character."

In Goode v. State, 58 S. W. (2d) 1015, Judge Hawkins,

speaking for the court, used language as follows: "When it is shown that the mandates of the statutes have been violated by some outsider conversing with a member of the jury, especially, separate and apart from the other jurors, it has been held that the presumption of injury will arise, and that the burden is upon the State to show that no injury occurred. It has been further held that this burden cannot ordinarily be discharged by the testimony alone of the juror conversed with, but that, if the outsider is available to the state, he should be called to aid in discharging the burden. See Early v. State, 51 Texas Crim. Rep., 382, 103 S. W., 868, 873, 123 Am. St. Rep., 889; Newman v. State, 91 Texas Crim. Rep., 559, 240 S. W., 312; Toussaint v. State, 92 Texas Crim. Rep., 374, 244 S. W., 514, 518. Many other cases will be found referred to and reviewed in the authorities cited."

Giving effect to the decisions we have quoted from and cited, we are constrained to hold that the State failed to overcome the presumption of injury.

Mr. Stafford was not a regularly appointed and qualified deputy sheriff. The sheriff had designated him to serve process during the present term of court and had at another term asked him to perform the duties of deputy sheriff. He had not been regularly appointed, had not taken the oath of office and was not under bond as required by law. Appellant calls attention to Art. 673, C. C. P., which requires that the jury shall be constantly attended by a proper officer. It is appellant's contention that Mr. Stafford was no more than a private citizen and that, hence, the statute was violated in placing the jury in his charge. In view of the fact that the judgment is reversed because of the error hereinbefore discussed, we pretermit discussion of the question. The practice of placing jurors in felony cases in charge of persons who are not regularly appointed and qualified officers should be discontinued. Such practice is calculated to raise serious questions in a given case as to whether the person in charge of the jury is a de facto officer or merely a private citizen. A solution of the question necessarily involves the facts attending the appointment and service of the person in charge of the jury. See Collier v. State, 287 S. W., 1095, and Messer v. State, 40 S. W., 488. In Messer's Case it is observed that it was held that under the facts before the court the person who had been delegated by the sheriff to act as an officer was a mere private citizen, while under the facts in Collier's Case, it was held that the party in charge of the jury was a de

facto officer. However, it is stated in the opinion in Collier's Case that the question had given the court no little concern.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—In the State's motion for rehearing reference is made to the evidence heard on the motion for new trial; reference is also made thereto in our original opinion, and by the trial court in qualifying several bills of exception. We now observe that such evidence is brought forward in bill of exception number seventeen, which is thirty pages in length, and in question and answer form, and contains no certificate of the trial judge that it was necessary to be in such form. The bill is contrary to the statute itself as well as to the innumerable cases upon the subject. Subdivision 1 of Art. 760, C. C. P., as amended, 42d Legislature, 1st C. S., p. 75, Ch. 34, reads as follows: "Where the defendant in a criminal case appeals, he is entitled to a statement of facts certified by the trial judge and sent up with the record; provided that said statement of facts shall be in narrative form."

Subdivision 3 of said Art. 760 provides as follows: "In all felony cases appealed, whenever the State and defendant can not agree as to the testimony of any witness, then so much of the transcript of the official court reporter's report with reference to each such disputed fact shall be inserted in the statement of facts as is necessary to show what the witness testified to in regard to the same, and constitute a part of the statement of facts, and the same shall apply to the preparation of bills of exception. Such stenographer's report, when carried into the statement of facts or bills of exception shall be condensed so as not to contain the questions and answers except where, in the opinion of the judge, such questions and answers may be necessary in order to elucidate the fact or question involved."

For authorities see Note 23 under Art. 760, Vernon's Texas C. C. P., Vol. 3, also Note 23 under Art. 667, Vernon's Texas

C. C. P., Vol. 2, and same note in Cumulative Pocket Part of said Vol. 2.

Bill of exception number seven brings forward complaint with reference to the separation and misconduct of the jury and the officer in charge thereof, and certain evidence heard on motion for new trial is incorporated in such bill in narrative form. Information obtained from this bill is the only thing which is properly before the court. It does show that part of the jurors were permitted to go in stores and mingle with and trade with parties having charge of the store, while the other jurors remained outside the store with the officer having them in charge. He had no immediate control of the jurors who were in the store; neither he nor the jurors who were with him on the sidewalk could hear what was going on inside the store. The method of handling the jury raised a presumption of injury. The State should have called the officer in charge of the jury as well as all other parties who might have aided in discharging the burden of showing that no injury resulted. This was not done.

Bills of exception numbers fifteen and sixteen show that after the jury retired the sheriff came to the trial judge and requested him to send to the jury forms of verdict. This the court did, and the sheriff took them to the jury room and delivered them to some member of the jury. This was done without the knowledge of appellant or his attorneys. Such irregularity should not occur upon another trial.

The State's Motion for rehearing is overruled.

*Overruled.*

LATTIMORE, JUDGE.—I agree to the reversal, but not to the conclusion that reversible error resulted from the failure to call the negro porter to testify on the hearing of the motion for new trial.