H. R. RENFROE V. THE STATE.

No. 21315. Delivered December 11, 1940.

The opinion states the case.

*Robert P. Brown* and *Cliff Tupper, Jr.*, both of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of killing and taking a game bird, to-wit: a wild turkey at a time of the year other than the open season for the killing and taking of a wild turkey, and was by the jury fined the sum of $10.00.

Appellant complains because of the refusal of the trial court to give in charge to the jury his requested charge as follows: "You are instructed that unless you believe beyond a reasonable doubt that the defendant did kill and did take a wild turkey within the boundaries of Tom Green County, Texas, that you will find the defendant not guilty."

We find in the concluding paragraph of the trial court's charge that he gave substantially the matters set forth in the above request.

Appellant's bill No. 3 complains of the introduction of all the testimony of Pat Close, the game warden, who stopped the automobile which appellant was driving and searched the same, and found a turkey therein, because it was contended that the witness had no search warrant, nor warrant of arrest for

appellant, and no probable cause for such unwarranted search. It appears from testimony heard before the court, outside of the presense of the jury, that the witness "had been called by ranchmen in the vicinity of the Ft. McKavett road on several previous days telling him that the defendant was hunting along said road, and that on one previous occasion he had endeavored to stop the defendant along said road, and that the defendant had outrun him on that occasion; that a ranchman on the Ft. McKavett road had called him on November 5, 1939, about 4:30 or 5:00 o'clock in the afternoon, and had stated that the defendant was out there hunting again, and that his car was parked on the Ft. McKavett road; that he got in his car and drove out on said road and saw the defendant's car parked by the side of the road; that he then turned around and went back about a mile down the road and parked until about sundown when he stopped the defendant's car by parking across the road; that he then asked the defendant if he had been hunting and looked into the car and found a gun; that he then asked the defendant to open the back end of his automobile, which the defendant did; that he then found a turkey gobbler in the rear end of the defendant's car."

It occurs to us that such witness was possessed of enough reliable information to constitute a probable cause for the searching of this automobile. It is also to be noted that Art. 923d, P. C., gives the right of search whenever any deputy commissioner has reason to suspect that any vehicle may contain game unlawfully killed, and punishes any person who refuses to stop and allow a search of such vehicle.

We are also impressed with the conclusion that the argument complained of by appellant in his bill of exceptions No. 4 was invited by and in answer to certain argument upon the part of appellant's attorney, and does not constitute any error.

Appellant also complains of the statute making possession of any wild game bird during the closed season thereon as prima facie evidence of guilt under the statute prohibiting such possession, and contends that such prima facie evidence statute is unconstitutional. We are impressed with the idea that such a statute is merely a rule of evidence, and that the Legislature possessed the power to change such rules within their reasonably exercised discretion. In Wigmore on Evidence, Second Edition, Vol. 2, p. 1063, Sec. 1356, we find the following:

"There remains a question which has no concern with the question of conclusive evidence, but has often been assimilated

to it, and has received an undeserved importance and a needless confusion by that association, namely, the question of the constitutionality of statutes creating rules of presumption or 'prima facie' evidence.

"A rule of presumption is simply a rule changing the burden of proof, i. e. declaring that the main fact will be inferred or assumed from some other fact until evidence to the contrary is introduced. There is not the least doubt, on principle, that the Legislature has entire control over such rules, as it has over all other rules of procedure in general and evidence in particular —subject only to the limitations of the rules of Evidence expressly enshrined in the Constitution."

Of a certainty there must be some reasonable connection with the main fact to be proven and the presumption of fact from the evidence produced, but when that connection is presented, then a reasonable deduction can be properly provided by the Legislature as to what amount of evidence will be necessary to allow the presumption of one fact from evidence of another proven fact.

We find this power upheld in many statutory enactments, both State and Federal. The contention made by appellant we do not think is sound.

The testimony shows appellant in possession of a turkey on November 5, 1939, during the closed season on wild turkeys; there was proof offered before the jury that this was a wild turkey, and, although contrary proof was also offered, the jury's verdict settled the fact that this was a wild turkey. There also seems to be what might be termed a confession of guilt upon the part of appellant to the witness Oscar Butts.

We find no error herein, and the judgment is affirmed.