ROYCE E. PHILLIPS V. STATE.

No. 26,523.   October 21, 1953.
Motion for Rehearing Denied December 9, 1953.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) January 6, 1954.

*Dixie & Ryan (Thomas M. Ryan,* of Counsel), Houston, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for unlawfully hunting wild deer by the aid of a spotlight at night, and his punishment was assessed at thirty days in jail and a fine of $100.

Emmett Woldorff testified that he was a game warden, and while with Game Warden Koleffel, between twelve and one o'clock a.m. on March 1, 1953, in Colorado County, Texas, they saw some men travelling in a car along a road; that they followed them until the men stopped and shined a spotlight into a field on some deer; that while they were about 100 yards from the men, they heard a loud report and saw the flash from a gun barrel, which was fired from the driver's side of the car; that they went immediately to the car and found appellant Royce Phillips standing on the ground near the steering wheel, Elroy Heinrich and Marvin Heinrich standing nearby; that these men fled in the car and were overtaken about two miles away and arrested; that they found rifles of the type used for hunting deer, other guns, ammunition for these guns, and an electric light in the car; that there was a spotlight on the driver's side of the car. He further testified that they found a small wild deer in the trunk of the car which had been dead about two hours; that they went out into an oat patch at the place and in the direction in which they had seen the flash of the gun and there found a dead deer that had been recently shot with a rifle.

Appellant did not testify and offered no testimony in his behalf other than two character witnesses.

Appellant contends that the court erred in allowing a special prosecutor to participate in the trial of the case over his objection.

Counsel other than the district or county attorney may appear and prosecute or assist in the prosecution of a cause in behalf of the state. 15 Tex. Jur., p. 388, Sec. 5.

Appellant complains of the action of the court in overruling

his motion for a severance from the cases separately pending against his two companions growing out of the same transaction.

It is observed that the motion was orally presented, and failed to meet the terms of the statute requiring his affidavit. Art. 651 C.C.P.

Appellant further contends that the court erred in admitting in evidence the results of the search of the car upon the ground that the officers were without a search warrant.

The facts of this case do not show an illegal search. Art. 923d P.C.; Renfroe v. State, 140 Tex. Cr. Rep. 418, 145 S.W. 2d 883.

The judgment of the trial court is affirmed.
Opinion approved by the Court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant complains that our original opinion did not discuss his objections to the jury argument.

We find set out in the last fifteen pages of the statement of facts the reported argument of state's counsel interspersed with the objection of appellant. We have refused to consider this form of presentation as a bill of exception in McCutcheon v. State, 158 Tex. Cr. Rep. 419, 252 S. W. 2d 175; Hernandez v. State, No. 26,624, (page 178, this volume), 262 S. W. 2d 200; and Hall v. State, No. 26,646, (page 342, this volume), 263 S. W. 2d 563, but for the benefit of the bar we will discuss our reasons for so holding.

Section 2(a) of Article 759a, V. A. C. C. P., as amended, relates to the preservation of bills of exception in the statement of facts in question and answer form. The statement of facts is a record of the evidence offered or adduced upon the trial, or so much thereof as appellant specifies. An appellant may limit the statement of facts by designation, but he cannot expand it to include other than the evidence offered or adduced upon the trial or the rulings of the court during the introduction of the evidence. It therefore follows that the argument of counsel cannot properly be made a part of the statement of facts.

Finding no formal bills of exception to the argument, the motion for rehearing is overruled.