## LEONARD LIONEL BINGHAM V. STATE

No. 27,899. March 7, 1956.

Appellant's Motion for Rehearing Overruled
May 23, 1956.

Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) June 20, 1956.

*George Willey* and *W. A. Hadden, Sr.,* Fort Stockton, and (on appeal only) *J. P. Darrouzet* and *Arthur Mitchell,* Austin, for appellant.

*Connell Ashley,* District Attorney, Fort Stockton, *John Lee,* Kermit, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for murder, with the death penalty assessed. A former appeal in this case will be found reported in 161 Tex. Cr. R. 204, 275 S.W. 2d 819.

At the time the case was tried (July, 1955), there was in force and effect Chap. 288, Acts of the Regular Session of the 54th Legislature, amending Arts. 2133 and 2135, R.C.S., and

also Arts. 623 and 670, C.C.P., making effective jury service by women in this state and providing the procedure for furnishing housing and other facilities to accommodate a jury composed of both men and women.

The jury in this case was composed of eight men and four women.

At the outset of the trial, the sheriff, by an order of the commissioners' court, selected and appointed three women as his deputies to attend the women jurors during the period of separation from the men jurors. One of the women deputies was sworn in or given the oath of office by the sheriff, while the other two were sworn in by a deputy county clerk. The three women deputies alternated in attending the four women jurors when they were separated from the men jurors.

On the third day of the trial and before its completion, appellant filed a motion seeking to have a mistrial ordered for the alleged reason that the women members of the jury had been attended by persons not authorized to do so, in that none of the women deputy sheriffs had been selected and sworn in accordance with law.

There is no question but that there was some irregularity in the appointment, selection, and swearing in of the women deputies, and especially is that true as to the one sworn in by the sheriff, who is not authorized to administer such oath. We have decided, however, that all the women deputies were, in fact, such officers de facto.

The undisputed evidence shows the sheriff's women deputies were acting under color of appointment and performing the duties and functions of that office. Collier v. State, 105 Tex. Cr. R. 246, 287 S.W. 1095.

We do not have here a situation such as that presented in McCollum v. State, 129 Tex. Cr. R. 480, 88 S.W. 2d 496, where the person acting as deputy sheriff was nothing more than a private citizen. Hence, the McCollum case, cited and relied upon by the appellant, is not deemed here in point or controlling.

In addition to what we have said, attention is called to the fact that in the instant case the state fully and completely discharged the burden resting upon it to show that no injury re-

sulted to appellant by reason of having been attended by de facto deputy sheriffs as distinguished from de jure deputy sheriffs. Indeed, counsel for the appellant, during the presentation of the motion for mistrial, admitted, upon being questioned by the trial court, that they were in possession of no information that actual injury or harm resulted to appellant or that any misconduct occurred because the women jurors were attended by the particular women deputy sheriffs in this case.

To agree with appellant's contention, we would be required to hold, as a matter of law, that a jury in a felony case could not be attended by a de facto deputy sheriff. This we are unwilling to do, in the face of overwhelming authority to the contrary.

Appellant also contends that the fact that the women jurors and the men jurors were separated at night in separate buildings remote from one another constitutes jury separation, in violation of Art. 668, C.C.P., as follows:

"Separation of jury

"After the jury has been sworn and impaneled to try any felony case, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the attorney representing the state and the defendant, and in charge of an officer."

While it is true that said article was not expressly amended by Arts. 623 and 670, C.C.P., heretofore cited, such was the necessary effect thereof, because separation was expressly authorized under those statutes so as to provide for separate housing and other accommodations for women and men jurors. Such was our holding in Dukes v. State, 162 Tex. Cr. R. 71, 282 S.W. 2d 235.

The deceased, Mrs. Jo Lambert, and her husband operated a combination grocery and filling station in Sonora. On the afternoon of March 4, 1954, deceased was in sole charge thereof. Appellant was seen in the store by two women customers, to whom deceased confided, on following them to their car when they left the store, that appellant had been there about an hour or two, just standing around and making no purchases and that he made her nervous and she wished he would leave.

Shortly thereafter, another woman customer drove up to

the filling station and deceased serviced her car. Deceased told her there was a man in the store who "had been there off and on all day." The witness identified appellant as the man to whom deceased referred.

Not long after that customer left, three men in an automobile stopped and went in the store. They found deceased lying on the floor behind a counter, in a dying condition as a result of some eight wounds on her body which had been inflicted by some character of sharp instrument.

Appellant was arrested late that same day in another town.

The following day he signed a written confession, in which he said he had killed deceased by stabbing her with a knife in the perpetration of the crime of robbery.

As a result of a statement made in connection with the confession, the officers were able to find, among other things, the knife with which the murder was committed and also some of the money.

Appellant's defense was that of insanity.

During the voir dire examination of the veniremen, state's counsel said, in connection with their views as to the infliction of the death penalty for crime. "The State is going to recommend the death penalty in this case."

Appellant complained of the statement, insisting that the use of the word, "recommend," was prejudicial and that it constituted conveying to the jurors the opinion of state's counsel that he believed the death penalty should be inflicted.

The facts detailed above are deemed amply sufficient to warrant state's counsel to seek the death penalty and to interrogate the prospective jurors as to their attitude toward the infliction of the death penalty as punishment for crime. The language used by state's counsel is not deemed subject to the objection urged or calculated to prejudice appellant's rights.

Appellant complains that his counsel were not accorded sufficient or reasonable time within which to examine the court's charge and to prepare and submit his exceptions and objections thereto.

If we correctly understand the record in this particular, appellant's counsel were accorded an hour and thirty-five minutes.

Only two issues appeared, under the facts, those being guilt and insanity. There were no intricate or involved issues raised by the facts.

The length of time accorded by a trial court to an accused within which to prepare and file his exceptions to the court's charge is a matter that largely comes within the discretion of the trial court. His action in the matter will be reviewed only to determine whether an abuse of that discretion has occurred. Curry v. State, 157 Tex. Cr. R. 237, 248 S.W. 2d 166, and authorities there cited.

We are unable to conclude that an abuse of that discretion is here shown. Moreover, in view of the fact that this is a death penalty case we have made an independent examination of the charge and are unable to see wherein the trial court failed to protect the appellant's rights under the facts in evidence.

The district attorney of the 109th Judicial District appeared and assisted in the prosecution of this case at the request of the district attorney in whose district the prosecution was pending and this trial conducted.

Appellant's motion to have the district attorney of the 109th Judicial District excluded from participating and assisting in the prosecution was overruled.

Counsel other than the regular prosecuting attorneys may appear and prosecute or assist in the prosecution of a cause in behalf of the state. Phillips v. State, 159 Tex. Cr. R. 286, 263 S.W. 2d 159.

We are unable to conclude, here, that the trial court abused his discretion in refusing appellant's motion.

We have examined the entire record carefully, and have reached the conclusion that reversible error is not reflected.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

Appellant reurges his contention that the trial jury was placed in charge of persons during the trial other than duly authorized officers of the law.

After careful consideration we remain of the opinion that the women deputy sheriffs were de facto officers. 34 Tex. Jur. 619, Sec. 164; 43 Am. Jur. 233, Sec. 481.

It is insisted that the trial court erred in permitting Officer Keating to testify as to facts related to him by appellant while he was under arrest.

Such facts related by the appellant to the officers enabled them to find the knife with which the murder was committed.

The statements of the accused that are found to be true, which conduce to establish his guilt, such as the finding of the instrument with which he states the offense was committed are admissible in evidence. Art. 727, Vernon's Ann. C.C.P.; 18 Tex. Jur. 144, Sec. 72; Whitaker v. State, 160 Tex. Cr. R. 271, 268 S.W. 2d 172.

We have carefully considered appellant's motion for rehearing and remain convinced that a correct conclusion was reached originally.

Appellant's motion for rehearing is overruled.

The opinion approved by the Court.