

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

May 4, 1956

Honorable Lloyd G. Rust, Jr.
County Attorney
Wharton, Texas

Dear Mr. Rust:

Opinion No. S-194

Re: Authority of Special Rangers
and Deputy Sheriffs to arrest
and search without warrant for
game and fish violations.

Your request for an opinion reads in part as follows:

"Can a Special Texas Ranger or Deputy Sheriff arrest without
a warrant anyone found violating any of the game or fish laws and
can such Special Ranger or Deputy Sheriff search the game bag or
automobile of a person without a warrant when he has reason to sus-
pect that such game bag or automobile contains game unlawfully killed"?

The general statutory provisions governing arrests without warrant
are comprised in Articles 212-217 of Vernon's Code of Criminal Procedure.
These statutes provide for arrests without warrant in certain specified situa-
tions where: (1) a <u>felony</u> offense has been committed, or (2) a breach of the
peace has occurred. We note that violations of the game and fish laws are mis-
demeanor offenses, and that such violations do not constitute "breaches of the
public peace," as defined by Articles 439-489c of Vernon's Penal Code and as
further defined in the case of <u>Woods v. State</u>, 152 Tex.Crim. 338, 213 S.W.2d
685 (1948).

Our Supreme Court, in the leading case of <u>Heath v. Boyd</u>, 141 Tex.
569, 175 S.W.2d 214, 216 (1943), set forth the following rule with respect to
arrests without warrant:

"<u>The only circumstances under which one may lawfully be ar-
rested without warrant are</u>: (1) when he commits a felony or a
breach of the peace (a) within the presence or view of the of-
ficer or other person, Art. 212, C.C.P. 1925, or (b) in the pres-
ence or view of a magistrate who verbally orders his arrest, Art.
213, ibid.; (2) when his arrest may prevent the consequences of
theft, Art. 325, ibid; (3) when a peace officer is informed by a
credible person that a felony offender is about to escape and
there is no time to secure a warrant, Art. 215, ibid.; (4) when
the accused threatens to take the life of another, within the
hearing of a magistrate, the magistrate may arrest him, if the
case is one of emergency, Art. 73, ibid.; (5) when he is an es-
caped prisoner, Art. 244, ibid., which is really a retaking and
not an arrest, Ex parte Sherwood, supra; (6) when the ordinances
of a city or town may authorize such action as to persons found

in suspicious places or under circumstances reasonably showing
that they have been guilty of some felony or breach of the peace
or threaten or are about to commit some offense, Art. 214, ibid.;
and (7) generally for any offense when the statute defining the
same expressly confers the authority, e.g., highway violations,
under Art. 803, P.C. 1925; liquor violations, under Art. 666-30,
Vernon's Ann. P.C.; unlawfully carrying arms, under Art. 487,
ibid.; rioting, under Art. 98, C.C.P. 1925; loyalty, under Art.
156, P.C. 1925." (Emphasis ours)

It has also been held that the power to arrest is controlled entirely
by statute, and that the courts of this State will not enlarge on that power.
DeLeon v. State, 150 Tex.Crim. 391, 201 S.W.2d 816 (1947).

Violations of the game and fish laws do not fall within the scope
of Articles 212-217; therefore, peace officers, as defined in Article 36,
V.C.C.P., do not have any authority to arrest without a warrant a person
found violating the game and fish laws. By legislative mandate this authority
is vested in the Game and Fish Commission, acting through its duly-appointed
game wardens. Article 4018, Vernon's Civil Statutes, and Articles 905 and
978f--3, V.P.C.

The "search without a warrant" aspect of your question is entirely
distinct from and independent of the question of arrest without a warrant.
Carroll v. United States, 267 U.S. 132 (1925). In this connection Article I,
Section 9, of our Texas Constitution reads as follows:

"The people shall be secure in their persons, houses, papers
and possessions, from all unreasonable seizures or searches, and
no warrant to search any place, or to seize any person or thing,
shall issue without describing them as near as may be, nor with-
out probable cause, supported by oath or affirmation." (Emphasis
ours)

It has been held that the above-quoted constitutional provision only prohibits
unreasonable searches and seizures. Hughes v. State, 67 Tex.Crim. 333, 149
S.W. 173 (1912). Consequently a "reasonable search"--which has been defined
by the courts as being a search upon "probable cause"--does not fall within
the constitutional ban. Silver v. State, 110 Tex.Crim. 512, 8 S.W.2d 144 (1928);
Chapin v. State, 107 Tex.Crim. 477, 296 S.W. 1095 (1927), containing a strongly
worded dictum on this point.

The most frequently quoted definition of probable cause is contained
in the case of Landa v. Obert, 45 Tex. 539 (1876), at page 544. That term is
there defined as "a reasonable ground of suspicion, supported by circumstances
sufficiently strong in themselves to warrant a cautious man in the belief that
the person accused is guilty of the offense with which he is charged." See
also Battle v. State, 105 Tex.Crim. 568, 290 S.W. 762 (1927); Odenthal v. State,
106 Tex.Crim. 1, 290 S.W. 743 (1927). Clearly the question of the existence
of probable cause in any given case is dependent upon the facts involved; and

the fact situations which determine this question are as varied as prosecutions are numerous.  <u>Bullock v. State</u>, 112 Tex.Crim. 313, 16 S.W.2d 1077 (1929); <u>Battle v. State</u>, supra.

It is, then, the opinion of this office that peace officers, as defined in Article 36, V.C.C.P., may lawfully search without a warrant a game bag or automobile suspected of containing game unlawfully killed or taken when the officers possess facts sufficient to constitute "probable cause." <u>Griffey v. State</u>, 159 Tex.Crim. 141, 265 S.W.2d 115 (1954), involving the unlawful possession of barbituates; <u>Hobrecht v. State</u>, 127 Tex.Crim. 294, 75 S.W.2d 1099 (1934), involving the unlawful possession of a pistol.  Attorney General's Opinion No. O-4762 is hereby overruled insofar as it conflicts with the instant holding concerning the right of peace officers to search without a warrant for violations of the game and fish laws.

We note that Articles 897 and 923d, V.P.C., expressly confer upon the Game and Fish Commission, acting through its duly authorized agents, the power to search without a warrant a game bag or automobile when there is reason to suspect that such game bag or automobile contains game unlawfully killed or taken.  See also in this connection <u>Phillips v. State</u>, 159 Tex.Crim. 286, 263 S.W.2d 159 (1953); <u>Renfroe v. State</u>, 140 Tex.Crim. 418, 145 S.W.2d 883 (1940). We believe such power is dependent upon the existence of "probable cause" as discussed above.

Paragraph (5) of Article 4413(11), V.C.S., governs the appointment, duties and powers of Special Texas Rangers.  This paragraph of the statute reads as follows:

"Special Rangers:  The Commission shall have authority to appoint such number of special rangers as may be deemed advisable, not to exceed Three Hundred (300) in number; <u>such rangers shall not have any connection with any Ranger Company or Highway Motor Patrol</u>, but they shall at all times be subject to the orders of the Commission and the Governor for special duty to the same extent as the other law enforcing officers provided for in this Act; <u>such special rangers, however, shall not have the authority to enforce any laws except those designed to protect life and property</u>, and such rangers are especially denied the authority to enforce any laws regulating the use of the State highways by motor truck and motor buses and other motor vehicles.  <u>Such rangers shall not receive any compensation from the State for their services</u>; and before the issuance of the commission each such ranger shall enter into a good and sufficient bond executed by a Surety Company authorized to do business in Texas in the sum of Twenty-five Hundred ($2,500.00) Dollars, approved by the Director, indemnifying all persons against damages accruing as a result of any illegal or unlawful acts on the part of such special ranger.  All special ranger commissions shall expire on January 1st of the odd year after appointment, and the Director can revoke any special ranger commission at any time for cause, and such officer shall be designated in the Commission as Special Ranger.

"Provided further that the Commission shall not issue more than ten commissions to special rangers for employment by any one person, firm or corporation at any one time, except during an emergency, when in the opinion of the Commission it is necessary in the interest of the public justice to permit the employment of more than ten." (Emphasis ours)

This office has heretofore ruled that Paragraph (5) of Article 4413(11) contemplates the employment of Special Rangers by persons, firms or corporations for the protection of private property. Attorney General's Opinion No. 0-1951. A Special Texas Ranger is not a peace officer as defined by Article 36, V.C.C.P., and consequently a Special Ranger is not charged with the duties of a peace officer. It is therefore the opinion of this office that Special Texas Rangers have no authority to enforce the Texas game and fish laws by means of arrests and searches without warrant.

## SUMMARY

Peace officers, as defined by Article 36, V.C.C.P., have no authority to arrest without a warrant for violations of the game and fish laws. Articles 212-217, V.C.C.P.; Heath v. Boyd, 141 Tex. 569, 175 S.W.2d 214 (1943). Peace officers are nevertheless authorized to search without a warrant for violations of the game and fish laws where the facts upon which the search is based are sufficient to constitute "probable cause." Constitution of Texas, Article I, Section 9; Griffey v. State, 159 Tex.Crim. 141, 265 S.W.2d 115 (1954); Hohrecht v. State, 127 Tex.Crim. 294, 75 S.W.2d 1099 (1924). Attorney General's Opinion 0-4762 is overruled to the extent of conflict herewith.

Special Texas Rangers cannot lawfully arrest or search without a warrant for game and fish violations. Attorney General's Opinion No. 0-1951.

APPROVED:

John Atchison
Reviewer

D. S. Meredith, Jr.
Reviewer

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By _Katherine W. Conti_
Katherine W. Conti
Assistant