

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 7, 1962

Mr. Guy E. Jones
County Attorney
Bowie County
Texarkana, Texas

Dear Mr. Jones:

Opinion No. WW-1353

Re: May a City Attorney legally repre-
sent the State in the prosecution
of criminal cases in the District
Court involving violation of the
penal laws of Texas on appeal from
Corporation Court of the City and
related questions.

You have requested an opinion from this office upon the
questions of:

"1.   May a City Attorney, or his assistants,
legally represent the State in the prosecution in
the District Court of criminal cases involving
violation of the penal laws of Texas on appeal
from Corporation Court of the City?

"2.   May a City Attorney, or his assistants
legally represent the State in the prosecution in
the District Court of criminal cases involving
violation of city ordinances on appeal from Corpor-
ation Court of the City?

"3.   If the answer to either of the above
questions is "yes", is it necessary that the County
Attorney be present in the District Court at the
trial of such cases on appeal?"

In your letter you also stated that the City Attorney and
County Attorney, as well as the District Judge, had consented to an
arrangement whereby the City Attorney or his assistants would par-
ticipate in the appeals from the Corporation Court of the City of
Texarkana.

Appeals from the Corporation Court of the City of Texar-
kana would be to the District Court of Bowie County, as the provi-
sions of Article 1970-306, Vernon's Civil Statutes, confer upon
the District Court certain criminal jurisdiction exercised by the
County Court of Bowie County prior to the enactment of Article
1970-306.

While in Attorney General's Opinion No. WW-1302 (1962) this office held that the primary responsibility and duty of prosecuting cases appealed from a Corporation Court to a County Court involving penal laws of this State rests upon the County Attorney, such opinion did not deal with the issue of whether the City Attorney and his assistants may participate in the further prosecution of cases appealed from Corporation Court.

In Burkhard v. The State, 18 Tex.Crim. 599 (1885), the court held that:

"There is no law of this State prohibiting counsel other than the district and county attorney from appearing and prosecuting a cause in behalf of the State.  It has been the practice always in this State to permit attorneys employed by private prosecutors to assist the district or county attorney in the prosecution of a case. This practice has been known to all the Legislatures that have assembled in the State, and if it be an illegal or improper practice, as is contended by counsel for defendant, it is indeed strange that it has been so long and so universally tolerated by the law-making power and sanctioned by the courts.  It seems that, in some States, this practice is now allowed.  But in most of the States it is sanctioned.  It is, however, the duty of the district or county attorney to reserve to himself the direction of the case. This he should never surrender to assistant counsel.  . . ."

See also, 15-A Tex.Jur. 502, District and Prosecuting Attorneys, Sec. 16.

In Phillips v. State, 263 S.W.2d 159 (Tex.Crim. 1953), the court held that:

"Counsel other than the district or county attorney may appear and prosecute or assist in the prosecution of a cause in behalf of the state."

and in Loshe v. State, 272 S.W.2d 517 (Tex.Crim. 1954), the court further held that:

"He first contends that the trial court erred in allowing Honorable Norman Barr of the San Angelo bar to participate in the trial as a special prosecutor.  This Court has recently held against appellant's contention in Phillips v. State, Tex.Cr.App., 263 S.W.2d 159."

The heretofore cited cases are ample authority for the position that an attorney, other than the District or County Attorney or their assistants, may participate in or represent the State in criminal cases before the County and District Courts. The fact that such attorney might be a City Attorney or one of his assistants would in no way act as a prohibition in view of the case of Shoope v. State, 38 S.W.2d 793 (Tex.Crim. 1931) where the Court held:

> "One who holds the office of county judge and who is a lawyer is privileged to practice law in the district court. The complaint of the fact that the private prosecutor representing the state was also the county judge is without merit."

In view of the foregoing, we are of the opinion that your first two questions should be answered in the affirmative, as, under the facts stated, the City Attorney or his assistants may legally represent the State in criminal cases appealed to the District Court of Bowie County from the Corporation Court of the City of Texarkana in cases involving both violations of the penal laws of this State and ordinances of the City of Texarkana.

As to your third question concerning whether it is necessary that the County Attorney actually be present in the District Court during the trial of the cases on appeal from the Corporation Court of the City of Texarkana, we are of the opinion that the actual physical presence of the County Attorney would not be absolutely necessary. In the case of Butler v. State, 299 S.W. 420 (Tex.Crim. 1927) the court in its opinion stated that:

> "Objection was made by appellant to the prosecution of the case against him by an attorney appointed by the court. His bill of exception shows that there was no county attorney of Calhoun County and that the district attorney was absent. Article 31 of the Code of Criminal Procedure expressly authorizes the appointment of an attorney to represent the state when the district or county attorney fails to attend any term of the district, county, or justice court. The information was filed in this case by the district attorney of Calhoun County. Under these facts, the court did not err in appointing an attorney to prosecute the case. Younger v. State, 76 Tex.Cr.R. 243, 173 S.W. 1039."

Also in the case of Davis v. State, 188 S.W.2d 397 (Tex.Crim. 1945) the court held that:

". . . appellant complains because Jimmie Mac-Nicoll, who was not the District Attorney, nor an Assistant District Attorney of Dallas County, was permitted to participate in the prosecution of appellant. . . . The bill fails to disclose any act which the special prosecutor did that was improper or was done without the consent or approval of the Assistant District Attorney. We see no inhibition in the statute referred to against any lawyer, with the consent and approval of the District Attorney, or his assistant, from participating in the prosecution of anyone accused of a violation of the laws of this state. . . ."

While there would be no question that the City Attorney or his assistant could participate or assist the County Attorney in prosecution of appeals from Corporation Court when the County Attorney is physically present in court, it would seem equally clear that if the County Attorney is not present and the defendant raised an objection upon this point the court would have the authority to designate the City Attorney or his assistant, pursuant to Article 31, Vernon's Code of Criminal Procedure, as the attorney to represent the State. This would be especially true if the County Attorney had participated in the filing of the prosecution as the court stated in Garcia v. Laughlin, 155 Tex. 261, 285 S.W. 2d 191 (1956) that:

"In State Board of Dental Examiners v. Bickham, supra [203 S.W.2d 566], the court says:

"'*** Nor may the State be represented in the district or inferior courts by any person other than the county or district attorney, unless such officer joins therein. Allen v. Fisher, 118 Tex. 38, 9 S.W.2d 731; State ex rel. Downs v. Harney, Tex.Civ.App. 164 S.W. 2d 55, ***'"

## SUMMARY

The City Attorney or his assistants with the consent of the County Attorney may, under the facts stated, legally represent the State in criminal cases appealed to the District Court of Bowie County from the Corporation Court of the City of Texarkana in cases involving violations of the penal laws of this State and ordinances of the City of Texarkana.

It would not be absolutely necessary for the County Attorney to be physically present in the court

room during the trial of such appeals from the Corporation Court of the City of Texarkana as the District Court would have authority to appoint the City Attorney or one of his assistants to represent the State in such prosecutions should any objection be raised by the defendant.

Very truly yours,

WILL WILSON
Attorney General of Texas

By  Pat Bailey

Pat Bailey
Assistant

PB:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Sam Stone
Grundy Williams
C. J. Taylor
John Hofmann

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore