Jesse **ELLISON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40072.

Court of Criminal Appeals of Texas.

Oct. 4, 1967.

Rehearing Denied Nov. 15, 1967.

Charles E. Reagan, court appointed, Jack Welch, court appointed on appeal, Marlin, for appellant.

Thomas Bartlett, County Atty., Marlin, Stanley Kacir, Dist. Atty., Belton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is robbery with a deadly weapon; the punishment, death.

The assault was alleged to have been made upon Thula Hill and the indictment alleged the using and exhibiting of a deadly weapon, to-wit a knife, in robbing her of $340.00 in money.

Thula Hill, a 59 year old divorcee, testified: She was a clerk at a Liquor Store in a rural area of Falls County on February 18, 1966. Appellant came to the store and purchased a fifth of wine and left. He returned about 8 P.M. at which time she was in charge of the Liquor Store and was alone. As she was standing at the water fountain, appellant walked up behind her and grabbed her. He told her not to say a word—not to call anybody—not to scream or he would kill her. He had a knife at her back and said: "Just one stab is all it will take to kill you."

Appellant ordered her to go to the cash register, open it and give him the money or he would kill her. She complied and he put the money in a paper bag. Still with the knife at her back, and under threat to kill her, appellant required her to go with him in an old station wagon into Bell County. He then tied her hands and blindfolded her and drove to a dump ground about 5 miles from Temple where he took the blindfold off, untied her hands and under threat to kill her had two acts of sexual intercourse with her before highway patrolmen arrived and rescued her.

Six grounds of error are set forth in appellant's brief filed in the trial court.

▪ The first two points relate to the admission of the evidence pertaining to the abduction or kidnapping following the robbery, and to the rape of Thula Hill at the dump ground in Bell County. The first point is that this evidence pertained to extraneous offenses and was improperly admitted. The second point is that the court erred in overruling appellant's motion to suppress such evidence.

The three offenses were committed by a continous assault and were so interwoven as

to be part of the same transaction. The evidence sought to be excluded was admissible under the so called res gestae rule. Kerrigan v. State, 321 S.W.2d 884, and cases cited.

■ Appellant's point No. 3 is that the punishment is excessive and amounts to cruel and unusual punishment for the offense charged. Gonzales v. State, Tex.Cr. App., 386 S.W.2d 139; Mason v. State, Tex. Cr.App., 375 S.W.2d 916, and Blassingale v. State, Tex.Cr.App., 408 S.W.2d 115, are contrary to appellant's contention.

We do not agree with appellant's contention that these authorities should be overruled. We have no doubt as to the authority of this Court to reverse and set aside a conviction where contrary to the Constitution of the United States cruel and unusual punishment has been assessed. This Court does not, however, have authority to fix a different punishment than that which it finds "cruel and unusual."

■ The legislature has authorized death as the maximum punishment for the offense of which appellant was found guilty. In arriving at the proper punishment to be assessed the jury was authorized to consider all of the evidence relating to the transaction that was admitted at the trial.

■ We are aware of no authority for a holding that death is excessive punishment for robbery with a deadly weapon. The nearest appellant approaches the question is the dissenting opinion in Rudolph v. Alabama, 375 U.S. 889, 84 S.Ct. 155, 11 L.Ed.2d 119, which expressed the view that certiorari should be granted "to consider whether the Eighth and Fourteenth Amendments to the United States Constitution permit the imposition of the death penalty on a convicted rapist who has neither taken nor endangered human life."

■ Appellant's point of error No. 4 is that he was prevented from receiving a fair trial by the exclusion of jurors who did not believe in or had conscientious scruples against the infliction of death as a punishment.

Art. 35.16(b), Sec. 1, Vernon's Ann.C.C. P., provides that a challenge for cause may be made by the state for the reason that the juror has conscientious scruples in regard to the infliction of the punishment of death for crime, in a capital case where the state is seeking the death penalty.

The contention that this provision of the statute is invalid is overruled. Crain v. State, Tex.Cr.App., 394 S.W.2d 165. See also Bingham v. State, 163 Tex.Cr.R. 352, 290 S.W.2d 915, cert. denied, 352 U.S. 858, 77 S.Ct. 79, 1 L.Ed.2d 64.

■ Ground of error No. 5 is that appellant was prevented from receiving a fair trial because the jurors that tried the case were selected by the jury commission system.

Art. 33.09 V.A.C.C.P. provides that jury panels, including special venires, for the trial of criminal cases shall be selected in the same manner as the selection of panels for the trial of civil cases.

Art. 2104 to 2107 Vernon's Ann.Civ.St., which relate to Jury Commissioners and their duties regarding the selection of petit jurors, are applicable in Falls County and in all counties other than those where another method of selecting jury panels has been provided by a subsequently enacted valid statute.

■ The remaining ground of error is that the court committed error in summoning the special venire for the trial of the kidnapping charge and then calling the robbery charge to trial.

Our holding that the offenses were not extraneous but interwoven and the evidence as to the entire transaction was properly admitted disposes of the contention that appellant was prejudiced by the fact that the jurors were made aware of the indictment

for kidnapping as well as the indictment for robbery.

Both cases in which a special venire had been drawn being set for the same day, it was within the discretion of the court which should be tried first.

The trial court did not err in overruling appellant's oral motion for continuance on the ground that the jury was summoned to try the kidnapping case.

The judgment is affirmed.